1 P. CHRISTOPHER ARDALAN, ESQ. SBN 210639
GEOFFREY S. HICKEY, ESQ., SBN 289161
2 JACQUELINE S. LEIBL, ESQ. SBN 292189
MARK K. DREW, ESQ. SBN 177711
3 **ARDALAN & ASSOCIATES, PLC**
5950 Canoga Ave., Suite 610
4 Woodland Hills, CA 91367
(818) 702-2570 – Phone;
5 (818) 702-2571 – Fax
6
7 Attorneys for Plaintiffs, DEANA VARO, JOSHUA PEREZ,
VANESSA PEREZ, JUSTIN PEREZ, CALVIN PEREZ, and ELVIS PENA
8
UNITED STATES DISTRICT COURT
9
CENTRAL DISTRICT OF CALIFORNIA
10

11 DEANA VARO, an individual; JOSHUA ) CASE NO.:  2:18-cv-9025-DMG-KS
12 PEREZ, an individual; VANESSA PEREZ, an )
individual; JUSTIN PEREZ, an individual; ) *[Assigned to the Hon. Dolly M. Gee, Ctrm 8C]*
13 CALVIN PEREZ, an individual; and ELVIS )
14 PENA, an individual ) **FIRST AMENDED COMPLAINT FOR**
) **DAMAGES (filed pursuant to FRCP**
15 Plaintiffs, ) **15(a)(1), (2) and by Order of Hon. Dolly M.**
) **Gee dated Nov. 21, 2018 (ECF # 11))**
16 v. )
) 1. **VIOLATION OF 42 U.S.C. § 1983**
17 ) **(PRIVACY)**
COUNTY OF LOS ANGELES; THE LOS )
18 ANGELES COUNTY DISTRICT ) 2. **VIOLATION OF 42 U.S.C. § 1983**
ATTORNEY'S OFFICE, a public entity; ) **(PROCEDURAL DUE PROCESS)**
19 JACKIE LACEY, in both her individual and )
official capacity; GIOVANNI BARTOLETTI, ) 3. **VIOLATION OF 42 U.S.C. § 1983**
20 an individual; and DOES 1-10, inclusive ) **(STATE CREATED DANGER**
) **AND SPECIALRELATION-**
21 ) **SHIP PRIVACY)**
Defendants. )
22 ) 4. **VIOLATION OF 42 U.S.C. § 1983**
_____ ) **(*MONELL* & *CANTON*)**
23
5. **VIOLATION OF 42 U.S.C. § 1983**
24 **(*MONELL* & POLICY)**

25 6. **NEGLIGENCE**
7. **NEGLIGENT HIRING, TRAIN-**
26 **ING, SUPERVISOIN, OVERSIGHT**
**AND/OR RETENTION**
27
8. **VIOLATION OF MANDATORY**
28 **DUTY GOV'T CODE § 815.6, *ET***

*SEQ.*

9. **NEGLIGNCE** *PER SE*
10. **INTENTIONAL MISREPRESENTATION**
11. **FALSE PROMISE**
12. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
13. **INVASION OF CONSTITUTIONAL PRIVACY**
14. **BREACH OF CONTRACT**

**DEMAND FOR JURY TRIAL**

Plaintiffs, DEANA VARO, an individual; JOSHUA PEREZ, an individual; VANESSA PEREZ, an individual; JUSTIN PEREZ, an individual; CALVIN PEREZ, an individual; and ELVIS PENA, an individual (collectively hereinafter "Plaintiffs"), come now and complain against Defendants, COUNTY OF LOS ANGELES; THE LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, a public entity; JACKIE LACEY, in both her individual and official capacities; GIOVANNI BARTOLETTI, an individual; and DOES 1-10, inclusive (collectively hereinafter "Defendants"), as follows:

## I. <u>JURISDICTION AND VENUE</u>

1.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 because this action arises under 42 U.S.C. 1983.

2.     Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.  Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b) (1) in that one or more Defendants resides in or has its principal place of business in the Central District of California.

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

## II.    THE NATURE OF THE ACTION

3.    This civil action arises out of an underlying criminal case involving charges against

Jonathan Quevedo (a documented Temple Street Gang member), who randomly and violently

assaulted Plaintiffs ELVIS PENA and VANESSA PEREZ. See *People vs. Jonathan Quevedo*, (L.A.

Sup. Ct. Crim Case No. BA 456661; herein, the "UNDERLYING CRIMINAL MATTER") (Mr.

Quevedo is referred to herein the "CRIMINAL DEFENDANT" or "QUEVEDO").  The

UNDERLYING CRIMINAL MATTER was prosecuted by the Los Angeles District Attorney's office,

("LADA") including the deputy district attorney assigned to handle this criminal case, i.e. Defendant

GIOVANNI BARTOLETTI (hereinafter "DDA BARTOLETTI") and/or Doe Defendants 1 -5.

4.    During the course of the UNDERLYING CRIMINAL MATTER, DDA BARTOLETTI

and/or Doe Defendants 1 – 5 disclosed private, personal contact information about Plaintiffs ELVIS

PENA and VANESSA PEREZ and their family (i.e. the balance of Plaintiffs) directly to QUEVEDO

in violation of their mandatory duty not reveal this information to a criminal defendant as set forth  in

California Const. Article 1, § 1 (Right to Privacy) and Article 1, §28(b)(1) - (4) (Victims' Bill of

Rights Act of 2008), California Penal Code §§ 964(a) and (b), 293.5, 679, 841.5; Govt. Code §

6254(f)(2)-(3); Ev. Code §1041 and *inter alia,* and California Penal Code §1054.2(a) (1) which, in

relevant part, provides that "no attorney may disclose or permit to be disclosed to a defendant,

members of the defendant's family, or anyone else, the address or telephone number of a victim or

witness whose name is disclosed to the attorney . . . unless specifically permitted to do so by the court

after a hearing and a showing of good cause."   California Penal Code §1054.2(3) also provides that

"[w]illful violation of this subdivision by an attorney, persons employed by the attorney, or persons

appointed by the court, is a misdemeanor."

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

5.     As a result of the disclosure of Plaintiffs' private personal contact information by DDA BARTOLETTI and/or Doe Defendants 1 – 5, QUEVEDO and/or his gang were able to track down and find Plaintiffs.

6.     On or about September 19, 2017, QUEVEDO fired his handgun into a vehicle occupied by Plaintiff, JOSHUA PEREZ (the adult son of Plaintiffs VANESSA PEREZ and ELVIS PENA) and his wife, Plaintiff, DEANA VARO.  JOSHUA PEREZ was grazed by a bullet fired by QUEVEDO and DEANA VARO was struck three (3) times with bullets fired from QUEVEDO's gun.  In this matter, Plaintiffs contend that this was the foreseeable result of the improper and illegal disclosure of their private information to QUEVEDO.

## III.     <u>THE PARTIES</u>

7.     Plaintiff, DEANA VARO, is an individual and is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.

8.     Plaintiff, JOSHUA PEREZ, is an individual and is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.

9.     Plaintiff, VANESSA PEREZ, is an individual and is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.

10.     Plaintiff, JUSTIN PEREZ, is an individual and is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.

11.     Plaintiff, CALVIN PEREZ, is an individual and is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.

12.     Plaintiff, ELVIS PENA, is an individual and is now, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.

13.     Defendant County of Los Angeles ("LA County") is, and at all times herein alleged, was a public entity organized and existing under the laws of the State of California.

14.     Defendant Los Angeles District Attorney's Office (herein the "LADA") is a municipal governmental entity chartered and established by operation of law and a subdivision of LA County.

15.     On information and belief, Defendant JACKIE LACEY is a resident of the State of California.  At all times relevant herein, Defendant Lacey was employed by and working on behalf of the LADA as the District Attorney for the County of Los Angeles and resided within the jurisdiction of the State of California

16.     On information and belief, Defendant GIOVANNI BARTOLETTI ("DDA BARTOLETTI") at all times relevant herein was a resident of the State of California and employed by the LADA, with the title Deputy District Attorney, in Los Angeles County.

17.     Does 1-5 are LADA employees, agents, interns, Victim Services Unit employees or other personnel who personally engaged in or assisted in drafting, copying and/or serving the un-redacted CPO to QUEVEDO in violation of Plaintiffs' state and federal statutory and Constitutional rights.

18.     Does 5-10 are employees, agents, interns, bailiffs, clerks or other persons appointed by the court or the LADA who personally engaged in or assisted in drafting, copying and/or serving the un-redacted CPO to QUEVEDO in violation of Plaintiffs' state and federal statutory and Constitutional rights.

19.     In committing the acts and/or omissions alleged herein, all Defendants and DOES acted under color of authority and/or color of law.

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

## IV.    GENERAL ALLEGATIONS

20.    On or about March 15, 2018, Plaintiffs presented their claims to LADA by mailing individual claims for the injuries, disabilities, losses, and damages suffered and incurred by reason of the above-described occurrences, all in compliance with the requirements of Government Code (hereinafter "Gov't Code") section 905 *et. seq.*.  On or about May 3, 2018, each of Plaintiffs' claims was rejected by LADA.

21.    The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

22.    Each Defendant, including all "Doe Defendants", is responsible in some manner and liable herein for negligent, wanton, reckless, and tortious conduct, and, by such wrongful conduct, proximately caused Plaintiffs' injuries and damages.

23.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein,  Defendants LA County, LADA, JACKIE LACEY, DDA BARTOLETTI and DOES 1 through 10 (Collectively and individually "Defendants") and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-Defendants, and were, as such, acting within

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

the course, scope, and authority of said agency, employment, and/or venture, and that each and every

Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, training,

and supervision of each and every other Defendant as an agent, servant, employee, successor in

interest, and/or joint venture and are lawfully responsible for the conduct of their actual, implied

and/or ostensible agent(s), servant(s), employee(s), partner(s), successor(s)-in-interest, independent

contractor(s), joint venture(s) and/or participant(s).

24.     Defendants, including, without limitation, DOES 1 through 10, and each of them, were

the actual, implied and/or ostensible agent(s), servant(s), employee(s), partner(s), successor(s)-in-

interest, independent contractor(s), joint venture(s) and/or participant(s) of each other, and in doing the

things alleged, were acting within the course and scope of that agency.  Defendant DOES were also

responsible for the hiring, training, supervision, and/or retention of Defendants DDA BARTOLETTI

and DOES 1-5.  Defendants, LADA and DOES, are legally liable and responsible for the actions of

BARTOLETT and each other DOES, including, without limitation, under the doctrine of respondeat

superior for the state law claims.

25.  At all times mentioned herein, Defendants, and each of them, were acting with the

knowledge, permission, consent, ratification and acceptance of the acts, omissions, and misconduct of

the other, and within the course and scope of their position as actual, implied and/or ostensible

agent(s), servant(s), employee(s), partner(s), successor(s)-in-interest, independent contractor(s), joint

venture(s), co-conspirator(s) participant(s) and/or representatives of each other.

26.  One or more Defendant(s), either individually or jointly with one or more of the other

Defendants, actively or implicitly conspired with each other in the acts complained of herein, and are

therefore liable, jointly and severally, to the Plaintiffs for the relief prayed for herein.

## V.     SUBSTANTIVE ALLEGATIONS

### A.  QUEVEDO'S INITIAL RANDOM AND UNPROVOKED VIOLENT ASSAULT

27.     On or about March 16, 2017, Plaintiffs, VANESSA PEREZ and ELVIS PENA were eating dinner at the Molcajetes restaurant in the City of Los Angeles near Temple Street.  QUEVEDO entered the same restaurant with an older woman who walked in using a cane who was probably QUEVEDO'S mother.  At the time, QUEVEDO and the woman with the cane that came in with him were strangers to Plaintiffs VANESSA PEREZ and ELVIS PENA.  A few minutes after QUEVEDO entered, without any provocation by either Plaintiff VANESSA PEREZ or ELVIS PENA, QUEVEDO made hostile eye contact with Plaintiffs, VANESSA PEREZ and ELVIS PENA, and began moving back and forth in the restaurant in an agitated manner.  Confused as to QUEVEDO's behavior, Plaintiff ELVIS PENA asked QUEVEDO, "DO YOU KNOW ME"?

28.     In response, QUEVEDO became increasingly agitated, and began yelling and screaming.  The woman with the cane appeared to try to calm QUEVEDO, saying in Spanish to him, "SON STOP."  Unsure what prompted QUEVEDO's outburst, Plaintiffs VANESSA PEREZ and ELVIS PENA decided to leave the restaurant.

29.     Before Plaintiffs VANESSA PEREZ and ELVIS PENA were able to exit, QUEVEDO picked up his cell phone, appeared to call someone and said to the person on the other end of the call to "come over."

30.     QUEVEDO ripped his shirt off.  He also kicked Plaintiff VANESSA PEREZ near her groin and hit Plaintiff ELVIS PENA on the right side of his face with a closed fist.  QUEVEDO then threw either a cell phone or cell phone charger at Plaintiff Vanessa Perez, hitting her in the forehead, causing her to bleed profusely.  QUEVEDO screamed "YOU KNOW WHAT, THIS IS TEMPLE

STREET" an apparent reference to the street gang that QUEVEDO was a member of.  Plaintiff ELVIS PENA responded by saying, "I'M GOING TO CALL THE COPS."

31.     QUEVEDO yelled back, "YOU ARE A BITCH" and he grabbed the cane from the woman he was with, knocking her to the ground.  QUEVEDO then hit both Plaintiffs VANESSA PEREZ and ELVIS PENA with the cane.  After the attack, Plaintiffs VANESSA PEREZ and ELVIS PENA exited the restaurant and headed for their car.  During the entire altercation, neither Plaintiff VANESSA PEREZ nor ELVIS PENA fought back or physically responded to QUEVEDO's unprovoked attacks in any way.  They hurriedly left the restaurant.

32.     Initially, QUEVEDO did not pursue Plaintiffs VANESSA PEREZ and ELVIS PENA as they exited the restaurant.  Plaintiffs entered their car and started to drive away.  However, as they did, QUEVEDO suddenly ran out of the restaurant and started scanning the area as if he was trying to locate Plaintiffs VANESSA PEREZ and ELVIS PENA.

33.     A few moments after Plaintiffs VANESSA PEREZ and ELVIS PENA drove away, two (2) or more other members of Temple Street Gang arrived at the restaurant in response to QUEVEDO's earlier cell phone call.

34.     After Plaintiffs drove away from the restaurant, Plaintiff VANESSA PEREZ's head injury began bleeding very heavily.

35.     A short while after Plaintiffs VANESSA PEREZ and ELVIS PENA left, they approached a police officer and described the circumstances of QUEVEDO's random, unprovoked and violent assault that just took place in the restaurant.  (The circumstances of this assault are collectively referred to herein as "QUEVEDO'S MARCH 16[TH] ASSAULT")

/ / /

**B. QUEVEDO IS ARRESTED AND CHARGED WITH MULTIPLE COUNTS OF SERIOUS AND VIOLENT FELONIES AND PLAINTIFFS' RELUCTANT AND FEARFUL PARTICIPATION IN THE EARLY STAGES OF THE UNDERLYING CRIMINAL MATTER**

36.     Following the incident, police officers conducted a follow up investigation at the Molcajetes restaurant where QUEVEDO attacked Plaintiffs VANESSA PEREZ and ELVIS PENA. The police obtained a surveillance video from the restaurant which captured the altercation.  The police recognized QUEVEDO from the video and identified him as a documented member of a violent street gang called "Temple Street."  QUEVEDO has a gang related tattoo and goes by the street moniker of "Dreamer."   QUEVEDO also had a lengthy criminal history dating back nearly 15 years, including, *inter alia*, prior convictions for possession of methamphetamine, unlawful possession of illegal ammunition, and a convicted felon in possession of several firearms, resulting in multiple prison sentences.

37.     Although Plaintiffs VANESSA PEREZ and ELVIS PENA where unaware of it at the time, on or about April 20, 2017, the Police located and arrested QUEVEDO who was subsequently charged by LADA with three (3) counts of assault with a deadly weapon, charges that could result in convictions as a "strike", with substantial prison sentence enhancements as a serious violent felony.  If convicted, QUEVEDO also faced potential sentence enhancements due to his membership in the Temple Street Gang and for his prior felony convictions.

38.     In light of QUEVEDO's random, unprovoked and surprisingly violent assault, and his obvious membership with a violent and notorious street gang, Plaintiffs VANESSA PEREZ and ELVIS PENA were fearful and very uneasy about becoming further involved in the UNDERLYING CRIMINAL MATTER.  However, after receiving subpoenas and/or other notices to appear in court, on or about August 7, 2017, Plaintiffs VANESSA PEREZ and ELVIS PENA called the district

attorney then handling this matter, DDA BARTOLETTI and/or Does 1 through 10.  During the conversation, which took place on Plaintiffs' speaker phone, Plaintiffs VANESSA PEREZ and ELVIS PENA told DDA BARTOLETTI and/or Does 1 through 10 that they were frightened and did not want to participate any further in the UNDERLYING CRIMINAL MATTER.  During this conversation, DDA BARTOLETTI and/or Does 1 through 10 threatened Plaintiffs VANESSA PEREZ and ELVIS PENA that a warrant would be issued for their arrest if they did not appear.

39.     Fearful of prosecution, but also fearful for the safety, Plaintiffs VANESSA PEREZ and ELVIS PENA reluctantly came to court for QUEVEDO's hearing in the UNDERLYING CRIMINAL MATTER, on or about August 8, 2017, in the criminal courthouse, at the Los Angeles Superior Court located at 210 Temple Street in Los Angeles, California.

40.     When they arrived in Court on or about August 8, 2017, Plaintiffs VANESSA PEREZ and ELVIS PENA discussed the case with police officers and DDA BARTOLETTI and/or Does 1 through 10.  During their conversation with DDA BARTOLETTI and/or Does 1 through 10 and the investigating officer, Plaintiffs, VANESSA PEREZ and ELVIS PENA, restated their fears and reluctance to participate in the prosecution of QUEVEDO and that they were afraid that QUEVEDO and/or his gang would retaliate against them or their family if either of them testified.

### C. A SPECIAL RELATIONSHIP WAS MADE BETWEEN DEFENDANTS AND PLAINTIFFS WHICH IMPOSED AN AFFIRMATIVE DUTY TO PROTECT PLAINTIFFS FROM THIRD-PARTY HARM

41.     Plaintiffs allege that a special relationship was formed between Plaintiffs and Defendants, which imposed an affirmative duty on Defendants to protect Plaintiffs from third-party harm.  This is based on the following:

42.     After Plaintiffs ELVIS PENA and VANESSA PEREZ specifically expressed their

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

reluctance and fear concerning their participation in the prosecution of QUEVEDO in the

UNDERLYING CRIMINAL MATTER to DDA BARTOLETTI and/or Does 1 through 10. In

response, DDA BARTOLETTI and/or Doe Defendants 1 – 5 made the following promises and

assurances (collectively, the following promises and assurances are referred to herein as the

"BARTOLETTI VOWS"):

  a. That Plaintiffs ELVIS PENA and VANESSA PEREZ can trust Plaintiffs DDA

   BARTOLETTI and/or Does 1 through 10 with Plaintiffs' safety;

  b. That DDA BARTOLETTI and/or Doe Defendants 1 – 5 would make sure that only the

   first names of Plaintiff VANESSA PEREZ and ELVIS PENA,  would be used in open

   court and in all proceedings in the UNDERLYING CRIMINAL MATTER and that

   nothing but their first name would be disclosed to QUEVEDO;

  c. That DDA BARTOLETTI and/or Doe Defendants 1 – 5 would use PLAINTIFFS'

   CONFIDENTIAL PERSONAL INFORMATION to fill out the CPO protective order

   form and use it to obtain the protective order but that none of  PLAINTIFFS'

   CONFIDENTIAL PERSONAL INFORMATION would ever be provided to

   QUEVEDO;

  d. That DDA BARTOLETTI and/or Doe Defendants 1 – 5 would prepare the CPO and

   take all necessary steps to have it issued by the judge, that  Plaintiffs ELVIS PENA and

   VANESSA PEREZ would not need to take any steps on their own to request the

   Court's protection of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION.

  e. That the foregoing orders to protect PLAINTIFFS' CONFIDENTIAL PERSONAL

   INFORMATION were routinely and commonly granted by the Judge.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

    f.    That Plaintiffs would be protected from any threatened or actual acts of violence by QUEVEDO and/or the Temple Street Gang through increased police patrols at each Plaintiffs' residence and places of business;

    g.    When making the foregoing representations, said DDA BARTOLETTI and/or Doe Defendants 1 – 5 spoke authoritatively and based on each of their personal experience and their professional experience;

43.    In addition to the foregoing promises and assurances, said DDA BARTOLETTI and/or Doe Defendants 1 – 5 specifically threatened that Plaintiff VANESSA PEREZ and ELVIS PENA would be arrested if they did not cooperate with the prosecution in the UNDERLYING CRIMINAL MATTER, including, *inter alia,* each of their testimony in the pending evidentiary hearings and proceedings such as the preliminary hearing and trial;

44.    DDA BARTOLETTI and/or Doe Defendants 1 – 5 made the foregoing BARTOLETTI VOUS and threats with the intent to make Plaintiffs vulnerable and dependent upon said DEFENDANT(S) in order to induce reasonable reliance by Plaintiff VANESSA PEREZ and ELVIS PENA that the foregoing assurances and promises would be kept.

45.    At the time that they made the BARTOLETTI VOWS, DDA BARTOLETTI and/or Doe Defendants 1 – 5, were speaking in each of their capacity as a policy makers and a spokesperson on behalf of LADA  and Los Angeles County and as such, the BARTOLETTI VOWS constituted promises that were attributed to and binding on behalf of LADA.  *Giglio v. United States* (1972) 405 U.S. 150; 92 S. Ct. 763; 31 L. Ed. 2d 104.

46.    Plaintiff VANESSA PEREZ and ELVIS PENA reasonably and detrimentally relied on the BARTOLETTI VOWS, in the following ways:

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

a. Plaintiffs ELVIS PENA and VANESSA PEREZ believed, trusted and reasonably and detrimentally relied on the fact that the BARTOLETTI VOWS were binding and would be honored;

b. Plaintiffs ELVIS PENA and VANESSA PEREZ  provided PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, including information that were previously unknown and unavailable to all Defendants, including the names, addresses and telephone numbers of Plaintiffs VANESSA PEREZ, JUSTIN PEREZ, CALVIN PEREZ, and  ELVIS PENA and their identity as being related to Plaintiffs ELVIS PENA and VANESSA PEREZ;

c. Plaintiffs ELVIS PENA and VANESSA PEREZ decided not to personally appear in court to request that their identities and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, not be disclosed in open court and not to disclosed to QUEVEDO. Instead, they trusted and relied on the promises and assurances made by DDA BARTOLETTI and/or Doe Defendants 1 – 5 to seek the protections made in the BARTOLETTI VOWS.

d. Plaintiffs ELVIS PENA and VANESSA PEREZ took no additional steps to protect themselves and their family (i.e. the other Plaintiffs) such as temporarily or permanently moving away from their current address, quit or change their jobs, ask to be admitted into a witness protection program, take extra security measures and precautions to protect Plaintiffs.

47.     Plaintiffs are informed and believe, and thereon allege, that DDA BARTOLETTI and/or DOES 1 through 10 knew, or should have known that QUEVEDO presented a foreseeable risk to the

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

safety of Plaintiffs VANESSA PEREZ and ELVIS PENA, and their family (i.e., the balance of Plaintiffs). This is based on, *inter alia*, the following:

a. The circumstances of QUEVEDO's MARCH 16TH ASSAULT put DEFENDANT(S) on notice that QUEVEDO represented an explosive and violent threat to Plaintiffs' physical safety. In particular, he knocked down his mother while taking her cane which he used to savagely attack Plaintiffs VANESSA PEREZ and ELVIS PENA, shouted gang slogans, and then summoned additional gang members to the scene to back him up as they fled the scene

b. The fact that QUEVEDO had a lengthy criminal history dating back nearly 15 years, including, *inter alia*, prior convictions for possession of methamphetamine, unlawful possession of illegal ammunition, and a convicted felon in possession of several firearms, resulting in multiple prison sentences;

c. DEFENDANT(S) also had notice that QUEVEDO was a documented member of the Temple Street Gang, has gang related tattoo and that he goes by the street moniker of "Dreamer";

d. Through the presentation of gang experts on multiple prior criminal cases, DEFENDANT(S) were on notice that the Temple Street Gang, also known as "TST" is a street gang in the downtown Los Angeles area and was founded by Filipino and Mexican youths in the 1920s and 1930s, and that the primary activities of the Temple Street Gang include vandalism, burglary, robberies, attempted murders, and murders. *See* for example, *People v. Gaytan* (2nd App. Dist, 2012) Case Number: B226031*,* 2011 WL 4898082, 3 Cal.App. 2 Dist., Oct. 14, 2011, unpublished (Oct 14, 2011) review

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

denied (Jan 18, 2012); *People v. Lozano* (2nd App. Dist, 2013) Case Number: B240270, 2013 WL 953538, 3, Cal.App. 2 Dist., Mar. 13, 2013, unpublished (Mar 13, 2013) review denied (May 22, 2013); *People v. Guzman*, (2nd App. Dist, 2013) Case Number: No. B241144, 2013 WL 1927124, 3 Cal. Ct. App. May 10, 2013, Not Reported in Cal.Rptr.3d);

e.  At the time of the hearing on August 8, 2017, in the UNDERLYING CRIMINAL MATTER, QUEVEDO was not in custody, he was out of custody on bond; and

f.  QUEVEDO's exposure to serious felony charges and substantial prison time if convicted meant he had  a powerful motive  to try to intimidate or otherwise eliminate Plaintiffs VANESSA PEREZ and ELVIS PENA as witnesses in the UNDERLYING CRIMINAL MATTER;

g.  The fact that on or about August 7, 2017, Plaintiffs VANESSA PEREZ and ELVIS PENA called the district attorney then handling this matter, Defendant DDA BARTOLETTI and/or Does 1 through 10, and expressed that they were terrified for their and their family's safety if they testified against QUEVEDO;

h.  The fact that, on or about August 8, 2017, Plaintiffs VANESSA PEREZ and ELVIS PENA met in person with DDA BARTOLETTI and/or DOES 1 through 10 and repeated their concerns regarding their and their family's safety.

48.     After receiving the foregoing information and after DDA BARTOLETTI and/or DOES 1 through 10 made the decision to file a criminal protective order in the UNDERLYING CRIMINAL MATTER, DDA BARTOLETTI and/or DOES 1 through 10 stepped out of their traditional function as a prosecuting attorney and engaged in the purely administrative function of filling out the pre-printed

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

standard form for this, *i.e.* Judicial Counsel Form CR-161 (Criminal Protective Order – Other Than Domestic Violence (CLETS – CPO) (The term "CPO" shall herein refer generally to Criminal Protective Order(s), the term "PROTECTIVE ORDER" shall herein refer to the specific CPO that was issued as served on QUEVEDO as alleged herein).

### D. <u>DEFENDANTS' IMPROPER PROCESSING OF THE CRIMINAL PROTECTIVE ORDER AND THE VIOLATION OF DEFENDANTS' NON-OPTIONAL DUTY TO PROTECT PLAINTIFFS' SAFETY AND THEIR CONFIDENTIAL PERSONAL INFORMATION</u>

49.     The rules for the preparation, submission and service of CPO orders in criminal cases are ministerial and uniformly prohibit the disclosure of contact information for victims and witnesses in criminal cases to a criminal defendant.

50.     California Const. Article 1, § 28(b) (1) - (4) (Victims' Bill of Rights Act of 2008),

(b) In order to preserve and protect a victim's rights to justice and due process, a victim shall be entitled to the following rights:

(1)     To be treated with fairness and respect for his or her privacy and dignity, and to be free from intimidation, harassment, and abuse, throughout the criminal or juvenile justice process.

(2)     To be reasonably protected from the defendant and persons acting on behalf of the defendant.

(3)     To have the safety of the victim and the victim's family considered in fixing the amount of bail and release conditions for the defendant.

(4)     To prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by

law.

51.     In keeping with these provisions of the California Constitution, The California Penal Code, ("Penal Code") sets forth the procedures and mandatory rules for the disclosure of address or telephone numbers of a victim or witness.   Penal Code §1054.2, states, in relevant part: "Disclosure of address or telephone number of victim or witness; prohibition; exception

(a)(1) Except as provided in paragraph (2), no attorney may disclose or permit to be disclosed to a defendant, members of the defendant's family, or anyone else, the address or telephone number of a victim or witness whose name is disclosed to the attorney pursuant to subdivision (a) of Section 1054.1, unless specifically permitted to do so by the court after a hearing and a showing of good cause. . .(3) Willful violation of this subdivision by an attorney, persons employed by the attorney, or persons appointed by the court is a misdemeanor."

a.   Pursuant to Penal Code §1054.2, prior to the issuance of a CPO, a decision is made by a prosecutor, regarding whether to request that a CPO be issued in a given case. Subsequently, the judge or magistrate, after a possible hearing regarding the scope and possible limits of the protective order, for the purpose of determining if there is good cause for the address or telephone number of a victim or witness to be disclosed to the criminal defendant, members of the criminal defendant's family or anyone else.  The prosecutor who presented the CPO typically appears at the good cause hearing in his or her role as a prosecutor, i.e. a city attorney or a Deputy District Attorney, to determine good cause regarding this potential disclosure.

b.   Once all these issues are resolve, the judge or magistrate issues the CPO which, as set forth Penal Code §1054.2(a) (1), states that "the address or telephone number of a

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

victim or witness" shall not be disclosed to a defendant unless specifically ordered otherwise.

c. Once all forgoing issues are resolved, the judge or magistrate issues the CPO and the only remaining steps are purely administrative and/or law enforcement related (i.e. re: service of the CPO) and are subject to mandatory, non-discretionary procedural mandates.

d. Where the CPO is issued **_without_** a finding of good cause to release the address and telephone numbers of the protected witnesses and victims to the defendant, pursuant to Penal Code §1054.2(a)(1), all attorneys, in the matter are equally bound by the same, non-discretionary, *i.e.* mandatory rule, that no attorney may disclose or permit to be disclosed to a defendant, members of the defendant's family, or anyone else, the address or telephone number of a victim or witness that is listed as a protected person on the CPO as ordered.

e. Where a CPO has been prepared with the address and telephone information of the protected witnesses and victims, the attorneys in the matter may comply with Penal Code §1054.2(a) (1) by redacting or otherwise removing the prohibited information from the completed and ordered CPO before it is served on the criminal defendant.

f. Willful violation of this subdivision by an attorney, persons employed by the attorney, or persons appointed by the court is a misdemeanor, pursuant to Penal Code §1054.2(a) (3). This is a "general intent crime, meaning that a person acts with criminal intent when he or she intentionally does a prohibited act, or fails to do a required act. No specific intent to break the law.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

g. Penal Code §1054.2(a) specifically contemplates that responsibility for not allowing the disclosure of a protected person's address and phone numbers apply equally to attorneys and to enforcing the disclosure rules applies equally to non-attorneys, *i.e.* "persons employed by these attorneys and persons appointed by the court" (such as interns, clerks, administrative assistants, secretaries, bailiffs, etc.)

52. After making the decision to seek a CPO, DDA BARTOLETTI and/or DOES 1 through 10 then began the purely administrative task of filling out the CPO. This included the following steps:

a. DDA BARTOLETTI and/or DOES 1 through 10 wrote down the names, ages, and addresses based on the information provided by Plaintiffs VANESSA PEREZ and ELVIS PENA. (This information is collectively referred to herein as "PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION").

b. DDA BARTOLETTI and/or DOES 1 through 10 proceeded to fill out the blanks in the CPO form and submitted it to be signed by the Judge in the UNDERLYING CRIMINAL MATTER.

c. At the time that it was submitted the judge, DDA BARTOLETTI and/or DOES 1 through 10 knew that it contained PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION because they just filled the CPO form with this information.

d. After the filled out CPO was given to the judge, no request was made that the PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION on the CPO be released to QUEVEDO, or anyone else. Accordingly, the issue of whether there was good cause to disclose PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION on the CPO to QUEVEDO never came up and no such order was made by the judge.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

e.   At this point, the Judge in the UNDERLYING CRIMINAL MATTER ordered that the PROTECTIVE ORDER be issued without any argument by DDA BARTOLETTI and/or DOES 1 through 10, QUEVEDO, his attorneys nor anyone else.

f.   The PROTECTIVE ORDER did not include a finding that there was good cause to allow the disclosure of the addresses and phone numbers of protected witnesses and victims to the defendant, members of the defendant's family, or anyone else.

g.   The PROTECTIVE ORDER contained the following standard, pre-printed order:

> **GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT** . . . must not harass, strike, threaten, assault (sexually or otherwise) follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the protected persons named above.

The PROTECTIVE ORDER [emphasis in original].  The PROTECTIVE ORDER also provides that the underlying criminal defendant "must have no personal, electronic, telephonic or written contact . . .  and must have no contact with . . . and must not come within one hundred yards of the protected persons. . . ."  ***Id.***

h.   Immediately after the Judge issued the PROTECTIVE ORDER in the UNDERLYING CRIMINAL MATTER, it was served on Quevedo when DDA BARTOLETTI and/or DOES 1 through 10 handing him a copy of the order.  At the time, PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION was not redacted from the PROTECTIVE ORDER and the Information was easily legible and was on the face of the copy of the PROTECTIVE ORDER as it was handed to QUEVEDO.

/ /

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

### E. **DEFENDANTS INCREASED THE RISK THAT PLAINTIFFS WOULD BE TARGETED FOR VIOLENT INTIMIDATION AND RETALIATION BY QUEVEDO AND/OR HIS GANG**

53.     Plaintiff, DEANA VARO and JOSHUA PEREZ were never notified that their personal information had been disclosed to QUEVEDO and were not given the opportunity to object or request a hearing regarding the disclosure.  (The first notice that they received that QUEVEDO had their home address information was in the form bullets fired at them by QUEVEDO in front of their home.)

54.     Based on standard custom and practice and by statutory mandate, DDA BARTOLETTI and/or DOES 1 through 5 had a mandatory, non-discretionary and affirmative duty to not disclose, or permit the disclosure of "the address or telephone number of a victim or witness." PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION must be scrupulously protected from disclosure to the defendant, if necessary, by redacting or otherwise removing the protected information from the PROTECTIVE ORDER before it is served on the criminal defendant.  (*See* also PC §§ 1054.2(a)(1), 964(a) and (b), *et seq*.).

55.     On or about August 8, 2017, DDA BARTOLETTI and/or DOES 1 through 10, either handed the PROTECTIVE ORDER with PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION directly to QUEVEDO and/or permitted the PROTECTIVE ORDER with Plaintiff's contact information to be given to QUEVEDO without first redacting said PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION.

56.     But for the disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION by DDA BARTOLETTI and/or DOES 1 through 10, QUEVEDO would not have known how to locate any Plaintiff and/or would not have known that Plaintiffs ELVIS PENA and VANESSA PEREZ were cooperating with DEFENDANT(S) in the UNDERLYING CRIMINAL

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

MATTER against QUEVEDO.

57.     At the time that PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION was disclosed by DDA BARTOLETTI and/or DOES 1 through 10, to QUEVEDO, due to the fact that Plaintiffs ELVIS PENA and VANESSA PEREZ were victims and witnesses to QUEVEDO's MARCH 16TH ASSAULT, they were within the class of persons intended to be protected by PC §§ 1054.2(a) (1), 964(a) and (b), *et seq.*  Additionally, as members of Plaintiffs ELVIS PENA and VANESSA PEREZ's family, and that they were specifically named as protected persons in the PROTECTIVE ORDER, establishes that Plaintiffs VANESSA PEREZ, JUSTIN PEREZ, CALVIN PEREZ, and ELVIS PENA are each within the class of persons intended to be protected by California Const. Article 1, § 28(b) (1) - (4), PC §§ 1054.2(a) (1), 964(a) and (b), *et seq.*

58.     The fact that DDA BARTOLETTI and/or DOES 1 through 10, caused and/or permitted the PROTECTIVE ORDER to be personally served to QUEVEDO without first redacting said PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, had the result that confidential personal information, that DDA BARTOLETTI and/or DOES 1 through 10 initially properly obtained from Plaintiffs, was improperly used in violation of Plaintiffs' constitutional right to privacy and in violation of California Const. Article 1, § 28(b)(1) - (4), PC §§ 1054.2(a)(1), 964(a) and (b), et seq.

59.     As a result of DDA BARTOLETTI's and/or DOES 1 through 5's improper disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO, QUEVEDO was able to locate Plaintiffs, giving him the opportunity to threaten and violently assault them.  This improper disclosure allowed QUEVEDO to 1) identify Plaintiffs, 2) learn that Plaintiffs ELVIS PENA and VANESSA PEREZ were witnesses cooperating with DEFENDANT(S)' prosecution in the UNDERLYING CRIMINAL MATTER, and 3) learn Plaintiffs' home and work address.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

60.     On or about September 19, 2017, at approximately 4:45 a.m., QUEVEDO was hiding in the dark outside Plaintiffs' residence, lying in wait to ambush Plaintiffs.  After Plaintiff JOSHUA PEREZ left his residence and got into his car, QUEVEDO confronted him, telling him "YOU NEED TO TELL YOUR MOTHER, VANESSA PEREZ, SHE BETTER NOT SHOW UP TO THE FUCKING LINE UP OR I'M GOING TO HURT YOU GUYS."  QUEVEDO showed Plaintiff PEREZ that he had a gun and then said "I KNOW WHERE YOU GUYS WORK."  Plaintiff DEANA VARO then joined JOSHUA PEREZ in their car.  While they were both in the car, QUEVEDO shot at them seven (7) to eight (8) times.  One of the bullets grazed Plaintiff JOSHUA PEREZ. Plaintiff DEANA VARO was struck with three (3) of the bullets fired from QUEVEDO's gun.  Both survived the assault, but they and all Plaintiffs suffered physical pain and emotional distress, among other injuries and damages set forth herein.

61.     Out of fear for their own lives and well-being, the entire family, including Plaintiffs, CALVIN PEREZ and JUSTIN PEREZ, the two other adult children of Plaintiffs, VANESSA PEREZ and ELVIS PENA, were forced to immediately flee the safety of their home and enter protective custody so that neither QUEVEDO, nor any individual associated with his gang, could attempt to exact any additional revenge or retribution.

62.     DDA BARTOLETTI and/or DOES 1 through 10 knew or should have known that California Const. Article 1, § 28(b)(1) - (4) and PC § 1054.2 seek to protect victims, witnesses, and/or the families of victims/witnesses from being stalked, harassed, injured, or killed by the criminal defendants that they may be testifying against.  DDA BARTOLETTI, LADA and/or the other DEFENDANT(S)  knew or should have known that by filing the Protective Order without redacting or omitting Plaintiffs' home and business addresses, such information would be given directly to

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

QUEVEDO when he was served with the PROTECTIVE ORDER, and that QUEVEDO or any member of his gang, could access this information, track down any one of the Plaintiffs, and try to injure or kill them in an attempt to dissuade VANESSA PEREZ and/or ELVIS PENA from testifying.

63.    The standard procedures for the creation and service of CPOs such as the PROTECTIVE ORDER on QUEVEDO did not call upon Defendants LA County, LADA, JACKIE LACEY, DDA BARTOLETTI's and/or DOES 1 through 10, and each of them, to act as "policy makers" on behalf of the county or other local governments, and not on behalf of the state of California.  This is based on the following:

a.    With regard to the issue of the process of safely preparing, redacting and serving the PROTECTIVE ORDER, none of the Defendants had authority to exercise any policy making authority that relates to the function of prosecution of criminal cases;

b.    With regard to the issue of the hiring, training, supervision, oversight and/or retention of deputy district attorneys on the issue of the process of safely preparing, redacting and serving Criminal Protective Orders (such as the PROTECTIVE ORDER), Defendants LA County, LADA, JACKIE LACEY and/or DOES 1 through 10, act as local policymakers without any oversight or control by the California Attorney General or other such state level entity.

c.    The act of compliance by deputy district attorneys with the law against disclosing witness information to criminal defendants does not involve decisions that are intimately associated with the criminal prosecution.  It is simply a procedural rule requiring the redaction of confidential information which is a mandatory administrative, clerical, and purely ministerial function. Therefore, the decisions made regarding this

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

issue made by Defendants LA County, LADA, JACKIE LACEY act and deputy district attorneys (such as DDA BARTOLETTI's and/or DOES 1 through 10) are beyond the supervision of state actors such as the California Attorney General.

d.  Because a deputy district attorney's willful disclosure of or failure to prevent the disclosure private contact information of witnesses to criminal defendants is a crime under PC § 1054.2(a), any decision to do so cannot be an available discretionary option in furtherance of a criminal prosecution.  Accordingly, the supervision of such rules are the province of local agencies such as Defendants LA County, LADA, JACKIE LACEY and not state level entities such as the Attorney General.

e.  The process of preparing and serving Criminal Protective Orders (such as the PROTECTIVE ORDER) is administrative in nature and does not involve discretionary acts that are relevant to the prosecution of criminal trials.

f.  The function of serving documents, such as Criminal Protective Orders (such as the PROTECTIVE ORDER) is a traditional local police investigatory or clerical function, and is not prosecutorial in nature.  As most adults can, attorneys are permitted to sometimes serve documents.  However, it is not part of the standard prosecutorial function because service of legal documents by an attorney risks making that attorney a witness if there is a dispute, creating a potential avoidable conflict of interest.  As such, the act of serving a legal document, such as the PROTECTIVE ORDER, is a police functions that is traditionally the province of local county control, not under control by state level entities such as the Attorney General's office.

g.  From the time that DDA BARTOLETTI and/or DOES 1 through 10 filled in the

information on the CPO provided by Plaintiffs, until the time that it was signed by the judge and served on Quevedo nothing happened in the UNDERLYING CRIMINAL MATTER that required DDA BARTOLETTI and/or DOES 1 through 10 to act in a prosecutorial function, engage in advocacy or take any act that is intimately associated with the judicial phase of the criminal process.  Instead, during this period DDA BARTOLETTI and/or DOES 1 through 10 engaged in the purely administrative function of writing down the information provided by Plaintiffs, and handing the prepared CPO to the court's clerk.

**FIRST CAUSE OF ACTION**
**FOR RELIEF DEPRIVATION OF CIVIL RIGHTS, (14th AM. CONSTITUTIONAL RIGHT OF PRIVACY) 42 U.S.C. § 1983**
**(Against Defendants DDA BARTOLETTI AND DOES 1 THROUGH 10)**

64.     Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

65.     Under the United States Constitution, Plaintiffs enjoy the right to privacy which protects them from government intrusion into their affairs and the unauthorized disclosure of private and confidential personal information for an improper purpose. These rights are provided by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.

66.     Plaintiffs had a legitimate and reasonable expectation of privacy in PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION at the time it was disclosed by DDA BARTOLETTI AND DOES 1 THROUGH 10, to QUEVEDO. Plaintiffs ELVIS PENA and VANESSA PEREZ were victims and witnesses to QUEVEDO's MARCH 16TH ASSAULT and they were within the class of persons intended to be protected by PC §§ 1054.2(a) (1), 964(a) and (b), *et seq*.).  Additionally, the fact

that the remaining Plaintiffs are members of Plaintiffs ELVIS PENA and VANESSA PEREZ's family, and that they were specifically named as protected persons in the PROTECTIVE ORDER, establishes that they were also within the class of persons intended to be protected by California Const. Article 1, § 28(b) (1) - (4), PC §§ 1054.2(a) (1), 964(a) and (b), *et seq*.).  Accordingly, PLAINTIFFS, and each of them, had a reasonable expectation that their constitutionally protected PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION would not be improperly disclosed to QUEVEDO.

67.     DDA BARTOLETTI and DOES 1 through 10 caused a serious and unwarranted invasion of Plaintiffs' privacy interests by improperly disclosing the sensitive and personal information contained in the PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO... These disclosures were not authorized by the Plaintiffs.  The recipient, QUEVEDO was a well-known violent gang member with a powerful motive to threaten, harass, intimidate and dissuade Plaintiffs from testifying.  Violence against them and their family members was a foreseeable result of Defendants' conduct.  PLAINTIFFS were not given prior Notice of the disclosures.

68.     DDA BARTOLETTI and DOES 1 through 10 had a duty to protect the United States Constitutional Privacy interests of Plaintiffs.   DDA BARTOLETTI and DOES 1 through 10 breached this duty by disclosing said private personal information contained in the CONFIDENTIAL PERSONAL INFORMATION in the manner alleged herein, causing damages to the Plaintiffs.

69.     The above-described acts of DDA BARTOLETTI and DOES 1 through 10 deprived Plaintiffs of their United States Constitutional Rights to Privacy, under 42 U.S.C. § 1983.   DDA BARTOLETTI and DOES 1 through 10, and each of them, acted in their official and individual capacities. Said acts were done intentionally and with deliberate indifference to Plaintiffs' privacy rights under the United States Constitution.

70.     The above-described acts were carried out under color of law by DDA BARTOLETTI and DOES 1 through 10.

71.     As a direct and proximate result of DDA BARTOLETTI'S AND DOES 1 THROUGH 5'S violation of Plaintiffs' privacy and constitutional rights, Plaintiffs have suffered actual damages.

72.     DDA BARTOLETTI's AND DOES 1 THROUGH 5'S conduct was a substantial factor in causing harm to Plaintiffs.

73.     As a direct and proximate result of Defendants' violation of the Constitutional Rights as alleged herein, and also under the California Constitutions' similar rights, the Plaintiffs have suffered actual damages.

74.     Defendants' conduct was a substantial factor in causing harm to Plaintiffs, and they are all liable for the acts committed in violation of the Fourteenth Amendment, under 42 U.S.C. § 1983.

75.     The actions and omissions of DDA BARTOLETTI AND DOES 1 THROUGH 10 as alleged above were a direct and proximate cause of the constitutional injuries suffered by Plaintiffs. As a result of the disclosure, on or about September 19, 2017, QUEVEDO and/or his gang used PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to locate Plaintiffs, and attempted to harass, intimidate them, threaten violence and/or murder and committed actual acts of violence and attempted murder in an attempt to deter or prevent their testimony or participation in the UNDERLYING CRIMINAL MATTER.   On this date, QUEVEDO fired his handgun into a vehicle occupied by Plaintiff, JOSHUA PEREZ (the adult son of Plaintiffs VANESSA PEREZ and ELVIS PENA) and his wife, Plaintiff, DEANA VARO.  JOSHUA PEREZ was grazed by a bullet fired by QUEVEDO and DEANA VARO was struck three (3) times with bullets fired from QUEVEDO's gun.

76.     As a direct and proximate cause of the acts, omissions, and conduct of DDA

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

BARTOLETTI AND DOES 1 THROUGH 10, and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical costs, emotional distress and related expenses.

77.     As a further direct and proximate cause of the acts, omissions, and conduct of DDA BARTOLETTI AND DOES 1 THROUGH 10, and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

78.     As a further direct and proximate cause of the acts, omissions, and conduct of DDA BARTOLETTI AND DOES 1 THROUGH 10, and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.

79.     The aforementioned acts of DDA BARTOLETTI AND DOES 1 THROUGH 10, were willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard or with deliberate indifference to the constitutional rights of the Plaintiffs, entitling Plaintiffs to exemplary and punitive damages from DDA BARTOLETTI AND DOES 1 THROUGH 10, in an amount to be proven at the trial of this matter.

80.     By reason of the above described acts and omissions of DDA BARTOLETTI AND DOES 1 THROUGH 10, Plaintiffs were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of his rights, and by reason thereof, Plaintiffs requests payment by DDA BARTOLETTI

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

AND DOES 1 THROUGH 10 of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988.

**SECOND CAUSE OF ACTION**
**FOR RELIEF DEPRIVATION OF CIVIL RIGHTS, (14th AM. PROCEDURAL DUE PROCESS) 42 U.S.C. § 1983**
**(Against Defendants DDA BARTOLETTI AND DOES 1 THROUGH 10)**

81.     Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

82.     The Plaintiffs were not given prior Notice of the Release of their confidential personal by DDA BARTOLETTI AND DOES 1 THROUGH 10 or anyone. Plaintiffs were thus were denied the legal right to seek judicial intervention to prevent said unauthorized release, prior to the unauthorized release of their information by the DDA BARTOLETTI AND DOES 1 THROUGH 10 to QUEVEDO.

83.     The failure to give Notice denied the Plaintiffs the right to procedural due process of law under the Fourteenth Amendment.

84.     DDA BARTOLETTI AND DOES 1 THROUGH 10 maintained a custom, practice and policy of unlawfully, illegally, and willfully engaging in said violations of the Fourteenth Amendment by refusing to witnesses and victims in criminal cases prior notice of the unauthorized disclosure and release of their confidential personal information in order to give such witnesses and victims the right to seek legal steps to prevent said disclosure.  Said actions by DDA BARTOLETTI AND DOES 1 THROUGH 10 were taken with the knowledge that they were violating these witnesses' and victims' Plaintiffs' Fourteenth Amendment United States Constitutional Rights to due process of law.

85.     As a direct and proximate result of Defendants' violation of the Plaintiffs' Fourteenth Amendment Constitutional Rights to procedural due process of law, and also under the California Constitutions' similar right to procedural due process of law, the Plaintiffs have suffered actual damages.

86.     Defendants' conduct was a substantial factor in causing harm to Plaintiffs, and they are all liable for the acts committed in violation of the Fourteenth Amendment, under 42 U.S.C. § 1983.

87.     The actions and omissions of DDA BARTOLETTI AND DOES 1 THROUGH 10 as alleged above were a direct and proximate cause of the constitutional injuries suffered by Plaintiffs. As a result of the disclosure, on or about September 19, 2017, QUEVEDO and/or his gang used PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to locate Plaintiffs, and attempted to harass, intimidate them, threaten violence and/or murder and committed actual acts of violence and attempted murder in an attempt to deter or prevent their testimony or participation in the UNDERLYING CRIMINAL MATTER.   On this date, QUEVEDO fired his handgun into a vehicle occupied by Plaintiff, JOSHUA PEREZ (the adult son of Plaintiffs VANESSA PEREZ and ELVIS PENA) and his wife, Plaintiff, DEANA VARO.  JOSHUA PEREZ was grazed by a bullet fired by QUEVEDO and DEANA VARO was struck three (3) times with bullets fired from QUEVEDO's gun.

88.     As a direct and proximate cause of the acts, omissions, and conduct of DDA BARTOLETTI AND DOES 1 THROUGH 10, and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical costs, emotional distress and related expenses.

89.     As a further direct and proximate cause of the acts, omissions, and conduct of DDA BARTOLETTI AND DOES 1 THROUGH 10, and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

90.     As a further direct and proximate cause of the acts, omissions, and conduct of DDA BARTOLETTI AND DOES 1 THROUGH 10, and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great

physical and mental pain (injuring each of their individual minds and bodies) including but not limited

to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and

physical distress.

91.     The aforementioned acts of DDA BARTOLETTI AND DOES 1 THROUGH 10, were

willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard or with deliberate

indifference to the constitutional rights of the Plaintiffs, entitling Plaintiffs to exemplary and punitive

damages from DDA BARTOLETTI AND DOES 1 THROUGH 10, in an amount to be proven at the

trial of this matter.

92.     By reason of the above described acts and omissions of DDA BARTOLETTI AND

DOES 1 THROUGH 10, Plaintiffs were required to retain an attorney to institute and prosecute the

within action, and to render legal assistance to Plaintiffs that they might vindicate the loss and

impairment of his rights, and by reason thereof, Plaintiffs requests payment by DDA BARTOLETTI

AND DOES 1 THROUGH 10 of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988.

**THIRD CAUSE OF ACTION**
**FOR RELIEF DEPRIVATION OF CIVIL RIGHTS,**
**(SUBSTANTIVE DUE PROCESS, 5TH & 14th AMENDMENT STATE CREATED**
**DANGER AND SPECIAL RELATIONSHIP)**
**42 U.S.C. § 1983**
**(Against Defendants DDA BARTOLETTI AND DOES 1 THROUGH 10)**

93.     Plaintiffs repeat and fully incorporate the allegations contained in each and every

paragraph of this Complaint

94.     As set forth in greater detail in paragraphs 49  to 52h above, BARTOLETTI AND

DOES 1 THROUGH 10 disclosed PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION

when they provided or permitted to provide the PROTECTIVE ORDER to QUEVEDO.

95.     As a known and documented member of a violent street, who had already engaged in acts of extreme violence against Plaintiffs ELVIS PENA and VANESSA PEREZ the risk that QUEVEDO and/or his street gang, would seek to intimidate Plaintiffs with threats of violence or murder or commit actual extreme violence or commit murder in retaliation was foreseeable, obvious and known to Defendants, as set forth in greater detail in paragraphs 47 to 47h above.

96.     The disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION in the PROTECTIVE ORDER by BARTOLETTI AND DOES 1 THROUGH 10 to QUEVEDO substantially and foreseeably put Plaintiffs at substantial risk of serious, immediate and proximate harm, as set forth in greater detail in paragraphs 53 to 61 above.

97.     The disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION in the PROTECTIVE ORDER by BARTOLETTI AND DOES 1 THROUGH 10 to QUEVEDO, within minutes of promising not to do so, were done maliciously and recklessly and in conscious disregard of the danger facing Plaintiffs and in complete disregard of Plaintiffs' constitutional rights.  Said disclosure was willful and constituted a criminal misconduct pursuant to California Penal Code § 1054.2.  These actions were carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity which governmental officers may appropriately and legally undertake.

98.     BARTOLETTI AND DOES 1 THROUGH 10 created a special relationship with Plaintiffs making the BARTOLETTI VOWS that were relied upon by Plaintiffs.  BARTOLETTI AND DOES 1 THROUGH 10 made the BARTOLETTI VOWS under color of law as official representatives of the LADA.  BARTOLETTI AND DOES 1 THROUGH 10 refused to honor the BARTOLETTI

VOWS with full knowledge that Plaintiffs were vulnerable, were put in substantially increased risk of serious, immediate and proximate harm by disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION.  Even after the disclosure of their private contact information, BARTOLETTI AND DOES 1 THROUGH 10 continued to assure Plaintiffs that they would be protected and safe when they were actually in extreme and immediate danger.  As such, this conduct of BARTOLETTI AND DOES 1 THROUGH 10 has no justification or excuse in law, were done maliciously and recklessly, in conscious disregard of the danger facing Plaintiffs and in complete disregard of Plaintiffs' constitutional rights and constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity which governmental officers may appropriately and legally undertake.

99.     The failure of BARTOLETTI AND DOES 1 THROUGH 10 to warn or otherwise protect Plaintiffs after the disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION in the PROTECTIVE ORDER to QUEVEDO, placing Plaintiffs at an even higher risk of harm.

100.     These foregoing events, conduct and misconduct by BARTOLETTI AND DOES 1 THROUGH 10 and the BARTOLETTI VOWS and Plaintiffs' detrimental reliance thereon, imposed a duty of care on BARTOLETTI AND DOES 1 THROUGH 10 to take reasonable steps to protect Plaintiffs.  However, in further shocking, malicious, reckless and conscious disregard of the danger facing Plaintiffs and in complete disregard of Plaintiffs' constitutional rights BARTOLETTI AND DOES 1 THROUGH 10 took no action to protect Plaintiffs.

101.     BARTOLETTI AND DOES 1 THROUGH 10 act of disclosing PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION  QUEVEDO and/or his gang were able to track

down and find Plaintiffs, with the result that, on or about September 19, 2017, QUEVEDO fired his handgun into a vehicle occupied by Plaintiff, JOSHUA PEREZ  and his wife, Plaintiff, DEANA VARO.  JOSHUA PEREZ was grazed by a bullet fired by QUEVEDO and DEANA VARO was struck three (3) times with bullets fired from QUEVEDO's gun.

102.   DDA BARTOLETTI AND DOES 1 THROUGH 10, while acting under color of law of the United States and with deliberate indifference to Plaintiffs' Constitutional rights, denied Plaintiffs their clearly established Fifth and Fourteenth Amendments Substantive Due Process Right not to be deprived of life and liberty without due process of law (the right to be free from bodily harm), caused by the disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION in the

103.   The totality of the misconduct of DDA BARTOLETTI AND DOES 1 THROUGH 10, constituting deliberate indifference "shocks the conscience" and offends the public's sense of morality and justice.

104.   As a direct and proximate result of Defendants' violation of the Constitutional Rights as alleged herein, and also under the California Constitutions' similar rights, the Plaintiffs have suffered actual damages.

105.   Defendants' conduct was a substantial factor in causing harm to Plaintiffs, and they are all liable for the acts committed in violation of the Fourteenth Amendment, under 42 U.S.C. § 1983.

106.   The actions and omissions of DDA BARTOLETTI AND DOES 1 THROUGH 10 as alleged above were a direct and proximate cause of the constitutional injuries suffered by Plaintiffs. As a result of the disclosure, on or about September 19, 2017, QUEVEDO and/or his gang used PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to locate Plaintiffs, and attempted to harass, intimidate them, threaten violence and/or murder and committed actual acts of violence and

attempted murder in an attempt to deter or prevent their testimony or participation in the

UNDERLYING CRIMINAL MATTER.   On this date, QUEVEDO fired his handgun into a vehicle

occupied by Plaintiff, JOSHUA PEREZ (the adult son of Plaintiffs VANESSA PEREZ and ELVIS

PENA) and his wife, Plaintiff, DEANA VARO.  JOSHUA PEREZ was grazed by a bullet fired by

QUEVEDO and DEANA VARO was struck three (3) times with bullets fired from QUEVEDO's gun.

107.    As a direct and proximate cause of the acts, omissions, and conduct of DDA

BARTOLETTI AND DOES 1 THROUGH 10, and each of them, Plaintiffs have been damaged,

including but not limited to, incurring and continuing to incur medical costs, emotional distress and

related expenses.

108.    As a further direct and proximate cause of the acts, omissions, and conduct of DDA

BARTOLETTI AND DOES 1 THROUGH 10, and each of them, Plaintiffs have incurred, and will

continue to incur, loss of earnings and future earning capacities.

109.    As a further direct and proximate cause of the acts, omissions, and conduct of DDA

BARTOLETTI AND DOES 1 THROUGH 10, and each of them, Plaintiffs have suffered injuries to

each of their individual health, strength and activity, as well as to each of their individual nervous

systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great

physical and mental pain (injuring each of their individual minds and bodies) including but not limited

to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and

physical distress.

110.    The aforementioned acts of DDA BARTOLETTI AND DOES 1 THROUGH 10, were

willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard or with deliberate

indifference to the constitutional rights of the Plaintiffs, entitling Plaintiffs to exemplary and punitive

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

damages from DDA BARTOLETTI AND DOES 1 THROUGH 10, in an amount to be proven at the trial of this matter.

111.    By reason of the above described acts and omissions of DDA BARTOLETTI AND DOES 1 THROUGH 10, Plaintiffs were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of his rights, and by reason thereof, Plaintiffs requests payment by DDA BARTOLETTI AND DOES 1 THROUGH 10 of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988.

**FOURTH CAUSE OF ACTION**
**Monell and Canton Claims on the 42 U.S.C. § 1983 Claims**
**Against (Against Defendants County of Los Angeles, Jackie Lacey, & DOES 1 - 3)**
**Failure to Train & Supervise**

112.    Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

113.    Plaintiffs bring this cause of action under 42 U.S.C. § 1983, as against **JACKIE LACY and DOES 1 – 3** acting in their role and function as administrators and policymakers of the Los Angeles County District Attorney's Office.

114.    The actions and omissions of **JACKIE LACY and DOES 1 – 3** alleged herein were a direct and proximate cause of the constitutional injuries suffered by Plaintiffs.

115.    **JACKIE LACY and DOES 1 – 3** know that their Deputy District Attorneys, including DDA/DOE 3-4 DEFENDANTS, as part of their duties, would be required to prepare, copy and effect service of CPOs such as the PROTECTIVE ORDER served on QUEVEDO.  Thus, the need to train their Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10, to avoid violating the Constitutional rights of victims and witnesses like the Plaintiffs, who were supposed to be protected rather than endangered by the CPO process, was readily apparent.  **JACKIE**

**LACY and DOES 1 – 3 failed to require a mandatory training program to DDA/DOE 3-4 DEFENDANTS regarding the** non-disclosure of confidential personal information concerning witnesses and victims in criminal cases in compliance with the nondiscretionary obligations imposed by California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* If such training was available, it is clear that **JACKIE LACY and DOES 1 – 3 did not require that DDA/DOE 3-4 DEFENDANTS receive such training before carrying out their sensitive duties in** preparing, copying and effecting service of CPOs. These failures manifest deliberate indifference to the Constitutional rights of victims and witnesses like the Plaintiffs, who were supposed to be protected rather than endangered by the CPO process,

116. Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10, so often disclosed the confidential personal information of witnesses and victims in criminal cases to criminal defendants, in violation of the foregoing Constitutional rights of these witnesses and victims that the need for further training was plainly obvious to **JACKIE LACY and DOES 1 – 3** who were, nevertheless, deliberately indifferent to the need.

117. Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10, so often disclosed the confidential personal information of witnesses and victims in criminal cases to criminal defendants, in violation of the foregoing Constitutional rights of these witnesses and victims that the need for further training was plainly obvious to **JACKIE LACY and DOES 1 – 3** who were, nevertheless, deliberately indifferent to the need.

118. At all times relevant herein, **JACKIE LACY and DOES 1 – 3,** while acting under color of law and in their role and function as the administrators and policymakers of the Los Angeles County District Attorney's Office, acted with deliberate indifference, and conscious and reckless

disregard to the safety, security and constitutional and statutory rights of PLAINTIFFS, including their Constitutional rights to Privacy and Substantive and Procedural Due Process in the following ways:

a. At all times relevant herein, **JACKIE LACY and DOES 1 – 3** maintained, enforced, tolerated, permitted, acquiesced in, and ratified the administrative policy, practice and custom of assigning criminal cases involving serious felonies, complicated circumstances, involving violent and/or gang related charges, etc., such as the UNDERLYING CRIMINAL MATTER, and/or an unreasonably high volume of cases to deputy district attorneys, such as DDA BARTOLETTI and DOES 1 – 5 who are unable to competently handle such cases due to their relative inexperience, incomplete or inadequate training, lack of knowledge, etc., to be ready or able to competently handle the type of cases assigned to them.  As a result, said deputy district attorneys, such as DDA BARTOLETTI and DOES 1 – 5,  are unaware and untrained about the dangers that gang defendants can present to witnesses and victims, and the proper procedure to ensure compliance with the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information regarding any witness or victim that is contained in a CPO, including the PROTECTIVE ORDER in this case.

b. failing to adopt a procedure to ensure compliance with the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information regarding any witness or victim that is contained in a CPO, including the

Page 40

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

PROTECTIVE ORDER in this case, which is to be submitted by a District Attorney or other employee of Defendants, to a court and/or to be served on a criminal defendant.

c.  At all times relevant herein, **JACKIE LACY and DOES 1 – 3** maintained, enforced, tolerated, permitted, acquiesced in, and ratified the administrative policy, practice and custom of failing to adopt a procedure to ensure compliance with the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information regarding any witness or victim that is contained in a CPO, including the PROTECTIVE ORDER in this case, which is to be submitted by a District Attorney or other employee of Defendants, to a court and/or to be served on a criminal defendant.

d.  At all times relevant herein, **JACKIE LACY and DOES 1 – 3** , failed to train and develop procedures to adequately supervise Deputy District Attorneys regarding their compliance with the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and to otherwise protect confidential personal information, regarding any witness or victim contained in a CPO, including the PROTECTIVE ORDER in this case, that is to be submitted by a District Attorney or other employee of Defendants, to a court and/or to be served on a criminal defendant.

e.   At all times relevant herein, **JACKIE LACY and DOES 1 – 3** , failed to train their Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10 of the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2, i.e. 1) not to disclose to a criminal defendant the

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

address or telephone number of a victim or witness in a criminal case or the address or

telephone number of such a victim or witness's family and 2) that the Deputy District

Attorneys, including  DDA BARTOLETTI AND DOES 1 THROUGH 10 have an

affirmative duty not to permit the disclosure of such confidential personal information

of witnesses, victims and their families to criminal defendants.

    f.   At all times relevant herein, **JACKIE LACY and DOES 1 – 3**, failed to train their

Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH

10 that the non-discretionary obligations under California Const. Article 1, § 28(b)(1) -

(4) and California Penal Code §§ 1054.2, i.e. require them to verify that the confidential

personal information contained in a CPO, such as the PLAINTIFFS' CONFIDENTIAL

PERSONAL INFORMATION in the PROTECTIVE ORDER, is redacted or otherwise

not disclosed before the CPO is served on a criminal defendant.

    g.   At all times relevant herein, **JACKIE LACY and DOES 1 – 3** , failed to train their

Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH

10 that the non-discretionary obligations under California Const. Article 1, § 28(b)(1) -

(4), and California Penal Code §§ 1054.2, i.e. require them to not to rely on other court

personnel and/or the bailiff to remove or redact a the confidential personal information

of a witness, a victim or their families from a CPO before it is given to a criminal

defendant.

119.   The **JACKIE LACY and DOES 1 – 3** were aware of the obvious risks of not creating

such a system and of not training Deputy District Attorneys regarding how to comply with their non-

discretionary obligations under California Const. Article 1, § 28(b) (1) - (4), California Penal Code §§

Page 42

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

1054.2(a) (1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information, regarding any witness or victim contained in a CPO. This obvious risk includes, inter alia, the likely and actual result that disclosure(s) of witnesses, victims and their families' confidential personal information, including their addresses and phone numbers, to criminal defendants.

120.    The **JACKIE LACY and DOES 1 – 3 Failed to Adequately supervise their employees and administered and oversaw** customs, policies, practices and/or procedures which created and allowed for, *inter alia*, an ongoing pattern and practice by all DEFENDANTS of condoning and having a deliberate indifference towards the improper disclosure of the confidential personal information, regarding witnesses, victims and their families in CPOs that are then served on criminal defendants.

121.    **JACKIE LACY and DOES 1 – 3** expressly or tacitly encouraged, ratified, condoned and/or approved of the acts and/or omissions of DDA BARTOLETTI AND DOES 1 THROUGH 10 as alleged herein, and knew that such conduct was unjustified and would result in violations of Plaintiffs' constitutional rights.

122.    The following are clearly established rules of law which a reasonable official in **JACKIE LACY and DOES 1 – 3s'** position would have known, include the following: a) The obligations not to disclose confidential personal information regarding any witness or victim contained in a CPO (such as the PLAINTIFFS' CONFIDENTIAL PERSONAL in the PROTECTIVE ORDER) California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* b) the need to develop a procedure to ensure compliance with the non-discretionary obligations under these statutes*,* and otherwise protect confidential personal information regarding any witness or victim that is contained in a CPO and c)  the need to train and develop procedures to adequately

supervise Deputy District Attorneys regarding their compliance with the non-discretionary obligations under these statutes, and to otherwise protect confidential personal information, regarding any witness or victim contained in a CPO

123.   No Plaintiff or judge or magistrate authorized the disclosure of the last names of Plaintiff VANESSA PEREZ and ELVIS PENA or PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO as described in this Complaint.

124.   The actions and omissions of **JACKIE LACY and DOES 1 – 3** as alleged above were a direct and proximate cause of the constitutional injuries suffered by Plaintiffs, in particular, resulting in DDA BARTOLETTI's AND DOES 1 THROUGH 5'S disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION in the PROTECTIVE ORDER to QUEVEDO.  As a result of this disclosure, on or about September 19, 2017, QUEVEDO and/or his gang used PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to locate Plaintiffs, and attempted to harass, intimidate them, threaten violence and/or murder and committed actual acts of violence and attempted murder in an attempt to deter or prevent their testimony or participation in the UNDERLYING CRIMINAL MATTER.   On this date, QUEVEDO fired his handgun into a vehicle occupied by Plaintiff, JOSHUA PEREZ (the adult son of Plaintiffs VANESSA PEREZ and ELVIS PENA) and his wife, Plaintiff, DEANA VARO.  JOSHUA PEREZ was grazed by a bullet fired by QUEVEDO and DEANA VARO was struck three (3) times with bullets fired from QUEVEDO's gun.

125.   As a direct and proximate cause of the acts, omissions, and conduct of **JACKIE LACY and DOES 1 – 3** , and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

126.   As a further direct and proximate cause of the acts, omissions, and conduct of **JACKIE**

**LACY and DOES 1 – 3** , and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

127.    As a further direct and proximate cause of the acts, omissions, and conduct of **JACKIE LACY and DOES 1 – 3** and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.

128.    **JACKIE LACY and DOES 1 – 3** committed the acts alleged herein knowingly and willfully, and Plaintiffs are entitled to punitive damages in an amount to be determined according to proof at trial.

129.    The aforementioned acts of **JACKIE LACY and DOES 1 – 3**, were willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard or with deliberate indifference to the constitutional rights of the Plaintiffs, entitling Plaintiffs to exemplary and punitive damages from **JACKIE LACY and DOES 1 – 3**, in an amount to be proven at the trial of this matter.

130.    By reason of the above described acts and omissions of **JACKIE LACY and DOES 1 – 3**, Plaintiffs were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of his rights, and by reason thereof, Plaintiffs requests payment by **JACKIE LACY and DOES 1 – 3** of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988.

/ /

/ / /

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

### FIFTH CAUSE OF ACTION
**Monell Claim on the 42 U.S.C. § 1983 Claims**
**Against (Against Defendants County of Los Angeles, Jackie Lacey, & DOES 1 - 3)**
**POLICY, PRACTICE AND CUSTOM**

131.    Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

132.    Plaintiffs bring this cause of action under 42 U.S.C. § 1983, as against **JACKIE LACY and DOES 1 – 3** acting in their role and function as administrators and policymakers of the Los Angeles County District Attorney's Office.

133.    The actions and omissions of **JACKIE LACY and DOES 1 – 3** alleged herein were a direct and proximate cause of the constitutional injuries suffered by Plaintiffs.

134.    **JACKIE LACY and DOES 1 – 3** know that their Deputy District Attorneys, including DDA/DOE 3-4 DEFENDANTS, as part of their duties, would be required to prepare, copy and effect service of CPOs such as the PROTECTIVE ORDER served on QUEVEDO.  Thus, the need to enforce policies so that their Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10, will avoid violating the Constitutional rights of victims and witnesses like the Plaintiffs, who were supposed to be protected rather than endangered by the CPO process, was readily apparent.  With deliberate indifference and conscious and reckless disregard to the safety, security and constitutional and statutory rights of PLAINTIFFS, including their Constitutional rights to Privacy and Substantive and Procedural Due Process, **JACKIE LACY and DOES 1 – 3 ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:**

    a.    At all times relevant herein, **JACKIE LACY and DOES 1 – 3** maintained, enforced, tolerated, permitted, acquiesced in, and ratified the administrative policy, practice and custom of failing to ensure compliance with the non-discretionary obligations under

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information regarding any witness or victim that is contained in a CPO, including the PROTECTIVE ORDER in this case, which is to be submitted by a District Attorney or other employee of Defendants, to a court and/or to be served on a criminal defendant.

b.  At all times relevant herein, **JACKIE LACY and DOES 1 – 3**, maintained, enforced, tolerated, permitted, acquiesced in, and ratified the administrative policy, practice and custom of failing to ensure compliance by their Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10 regarding the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2, i.e. 1) not to disclose to a criminal defendant the address or telephone number of a victim or witness in a criminal case or the address or telephone number of such a victim or witness's family and 2) that the Deputy District Attorneys, including  DDA BARTOLETTI AND DOES 1 THROUGH 10 have an affirmative duty not to permit the disclosure of such confidential personal information of witnesses, victims and their families to criminal defendants.

c.  At all times relevant herein, **JACKIE LACY and DOES 1 – 3**, maintained, enforced, tolerated, permitted, acquiesced in, and ratified the administrative policy, practice and custom of failing to ensure compliance by their Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10 regarding the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4) and California Penal Code §§ 1054.2, i.e. require them to verify that the confidential personal information

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

contained in a CPO, such as the PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION in the PROTECTIVE ORDER, is redacted or otherwise not disclosed before the CPO is served on a criminal defendant.

d.   At all times relevant herein **JACKIE LACY and DOES 1 – 3**, maintained, enforced, tolerated, permitted, acquiesced in, and ratified the administrative policy, practice and custom of failing to ensure compliance by their Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10 regarding the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), and California Penal Code §§ 1054.2, i.e. require them to not to rely on other court personnel and/or the bailiff to remove or redact a the confidential personal information of a witness, a victim or their families from a CPO before it is given to a criminal defendant.

135.   The **JACKIE LACY and DOES 1 – 3** were aware of the obvious risks of not maintaining, enforcing, tolerating, permitting, acquiescing in, and ratifying the administrative policy, practice and custom of failing to ensure compliance of Deputy District Attorneys regarding compliance with their non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information, regarding any witness or victim contained in a CPO. This obvious risk includes, inter alia, the likely and actual result that disclosure(s) of witnesses, victims and their families' confidential personal information, including their addresses and phone numbers, to criminal defendants.

136.   The **JACKIE LACY and DOES 1 – 3 Failed to Adequately** maintain, enforce, tolerate, permit, acquiesce in, and ratify the administrative policy, practice and custom of failing to ensure compliance of Deputy District Attorneys regarding the supervision of **their employees and**

**administered and oversaw** customs, policies, practices and/or procedures which created and allowed for, *inter alia*, an ongoing pattern and practice by all DEFENDANTS of condoning and having a deliberate indifference towards the improper disclosure of the confidential personal information, regarding witnesses, victims and their families in CPOs that are then served on criminal defendants.

137.   **JACKIE LACY and DOES 1 – 3** expressly or tacitly encouraged, ratified, condoned and/or approved of the acts and/or omissions of DDA BARTOLETTI AND DOES 1 THROUGH 10 as alleged herein, and knew that such conduct was unjustified and would result in violations of Plaintiffs' constitutional rights.

138.   The following are clearly established rules of law which a reasonable official in **JACKIE LACY and DOES 1 – 3s'** position would have known, include the following: a) The obligations not to disclose confidential personal information regarding any witness or victim contained in a CPO (such as the PLAINTIFFS' CONFIDENTIAL PERSONAL in the PROTECTIVE ORDER) California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* b) the need to develop a procedure to ensure compliance with the non-discretionary obligations under these statutes*,* and otherwise protect confidential personal information regarding any witness or victim that is contained in a CPO and c)  the need to maintain, enforce, tolerate, permit, acquiesce in, and ratify the administrative policy, practice and custom of failing to ensure compliance by Deputy District Attorneys regarding the non-discretionary obligations under these statutes*,* and to otherwise protect confidential personal information, regarding any witness or victim contained in a CPO

139.   No Plaintiff or judge or magistrate authorized the disclosure of the last names of Plaintiff VANESSA PEREZ and ELVIS PENA or PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO as described in this Complaint.

140.   The actions and omissions of **JACKIE LACY and DOES 1 – 3** as alleged above were a direct and proximate cause of the constitutional injuries suffered by Plaintiffs, in particular, resulting in DDA BARTOLETTI's AND DOES 1 THROUGH 5'S disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION in the PROTECTIVE ORDER to QUEVEDO.  As a result of this disclosure, on or about September 19, 2017, QUEVEDO and/or his gang used PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to locate Plaintiffs, and attempted to harass, intimidate them, threaten violence and/or murder and committed actual acts of violence and attempted murder in an attempt to deter or prevent their testimony or participation in the UNDERLYING CRIMINAL MATTER.   On this date, QUEVEDO fired his handgun into a vehicle occupied by Plaintiff, JOSHUA PEREZ (the adult son of Plaintiffs VANESSA PEREZ and ELVIS PENA) and his wife, Plaintiff, DEANA VARO.  JOSHUA PEREZ was grazed by a bullet fired by QUEVEDO and DEANA VARO was struck three (3) times with bullets fired from QUEVEDO's gun.

141.   As a direct and proximate cause of the acts, omissions, and conduct of **JACKIE LACY and DOES 1 – 3** , and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

142.   As a further direct and proximate cause of the acts, omissions, and conduct of **JACKIE LACY and DOES 1 – 3** , and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

143.   As a further direct and proximate cause of the acts, omissions, and conduct of **JACKIE LACY and DOES 1 – 3** and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

(injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.

144.   **JACKIE LACY and DOES 1 – 3** committed the acts alleged herein knowingly and willfully, and Plaintiffs are entitled to punitive damages in an amount to be determined according to proof at trial.

145.   The aforementioned acts of **JACKIE LACY and DOES 1 – 3**, were willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard or with deliberate indifference to the constitutional rights of the Plaintiffs, entitling Plaintiffs to exemplary and punitive damages from **JACKIE LACY and DOES 1 – 3**, in an amount to be proven at the trial of this matter.

146.   By reason of the above described acts and omissions of **JACKIE LACY and DOES 1 – 3**, Plaintiffs were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of his rights, and by reason thereof, Plaintiffs requests payment by **JACKIE LACY and DOES 1 – 3** of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988.

### SIXTH CAUSE OF ACTION
**NEGLIGENCE**
**(GOV'T CODE §§ 820, 815.4, 815.2.** *et seq.***)**
**(Against all Defendants)**

147.   Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

148.   Plaintiffs allege that there is a statutory basis authorizing liability as follows:

   a.   Gov't Code § 820(a) and the regulations promulgated thereunder, establish that a public

employee is liable for injury caused by his or her act or omission to the same extent as a private person.

b.   Gov't Code § 815.2, and the regulations promulgated thereunder, establish that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entitle within the scope of his or her employment if the act or omission would otherwise have given rise to a cause of action against that employee or his or her personal representative.

c.   Gov't Code § 815.4, and the regulations promulgated thereunder, establish that a public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entitle to the same extent that the public entity would be subject to such liability if it were a private person.

d.   At all relevant times herein, Defendants LA County and LADA and DOES 1 through 5, were public entities as defined by Gov't Code section 811.2 and are therefore subject to the provisions of Gov't Code §§ 820(a), 815.2, 815.4, *et seq.*

e.   At all relevant times herein, Defendants DA BARTOLETTI and DOES 1 through 5, were public employees and/or independent contractors of other Defendants within the meaning of Gov't Code §§ 811.2, 811.4, 820, 815.2, 815.4, *et seq.* and, as such, are therefore subject to the provisions of Gov't Code §§ 820(a), 815.2, 815.4, *et seq.*

f.   At all relevant times herein, Defendants, DA BARTOLETTI and DOES 1 through 5 were employed by Defendants L.A. County and LADA and/or other DOES and were acting within the scope of each of their employment by and/or as independent contractors of Defendants LADA and DOES 1 through 10 at all relevant times herein.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

g.  By virtue of Gov't Code §§ 820, 815.4, 815.2. *et seq.*, Defendants L.A. County LADA and DOES 1 through 5 are therefore jointly and severally liable for the conduct of their employees, including Defendants, DA BARTOLETTI and DOES 1 through 5 at all relevant times herein.

149.  Based on standard custom and practice and by statutory mandate, Defendants LA BARTOLETTI and DOES 1 through 5, had the affirmative duty to exercise due care to not disclose or permit the disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO, as the criminal defendant in the UNDERLYING CRIMINAL MATTER.  (*See* California Const. Article 1, § 28(b) (1) - (4), PC §§ 1054.2(a) (1), 964(a) and (b), *et seq.*);

150.  As set forth in greater detail in paragraphs 41 to 46d above, A special relationship between Defendants LA BARTOLETTI and DOES 1 through 10 and Plaintiffs was established, creating a duty to exercise due care to not disclose or permit the disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO, as the criminal defendant in the UNDERLYING CRIMINAL MATTER.

151.  As set forth in greater detail in paragraphs 49 to 52c above, on or about August 8, 2017, Defendants LA BARTOLETTI and DOES 1 through 10 prepared the PROTECTIVE ORDER which contained the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, *i.e.* the names of each Plaintiff, their ages, home and work addresses.

152.  As set forth in greater detail in paragraphs 49 to 52h above, Defendants LA BARTOLETTI and DOES 1 through 10 then negligently caused and/or negligently permitted the PROTECTIVE ORDER to be personally served to QUEVEDO without first redacting the last names

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, all in breach of DEFENDANT(S)' duties, promises and assurances that this information would not be disclosed to prevent such disclosed publically or to QUEVEDO.

153.   As set forth in greater detail in paragraphs 53 to 62 above, at time that the last names of Plaintiff VANESSA PEREZ and ELVIS PENA  and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION were disclosed to QUEVEDO, it was foreseeable that QUEVEDO, and/or the Temple Street Gang, would obtain this private information and use it to locate Plaintiffs, and attempt to harass, intimidate them, threaten violence and/or murder and commit actual acts of violence or murder in an attempt to deter or prevent their testimony or participation in the UNDERLYING CRIMINAL MATTER.

154.   DEFENDANT(S)' disclosure of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION and each of their inadequate safeguards of this information, DEFENDANT(S) violated the reasonable standard of care based on the customs and practices prevailing in DEFENDANT(S)' legal profession.

155.   Defendants Los Angeles County and LADA and DOES 1 through 10 are therefore jointly and severally liable for the conduct of their employee(s) (Gov't Code section 815.2, *et seq.*) and/or independent contractor(s) Gov't Code section 815.4, *et seq.*) including Defendants, DDA BARTOLETTI and DOES 1 THROUGH 10 at all relevant times herein, *see* also Gov't Code section 820(a) *et seq.*

156.   No Plaintiff contributed to the disclosure of the last names of Plaintiff VANESSA PEREZ and ELVIS PENA or PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO as described in this Complaint.

157.    No Plaintiff or judge or magistrate authorized the disclosure of the last names of Plaintiff VANESSA PEREZ and ELVIS PENA or PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO as described in this Complaint.

158.    As a direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

159.  As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

160.    As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.  As a result of such injuries, Plaintiffs have each suffered general damages in excess of the minimum jurisdictional amount of this court.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENT HIRING, TRAINING, SUPERVISION,**
**OVERSIGHT AND/OR RETENTION OF DEFENDANTS**
**AGAINST DEFENDANTS LADA and L.A. COUNTY AND DOES 1 THROUGH 10**
**(GOV'T CODE §§ 820, 815.4, 815.2. et seq.)**

161.    Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint, except for any and all allegations of intentional, malicious, extreme,

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

162.    Plaintiffs allege that there is a statutory basis authorizing liability as follow:

a.  Gov't Code § 820(a) and the regulations promulgated thereunder, establish that a public employee is liable for injury caused by his or her act or omission to the same extent as a private person.

b.  Gov't Code § 815.2, and the regulations promulgated thereunder, establish that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entitle within the scope of his or her employment if the act or omission would otherwise have given rise to a cause of action against that employee or his or her personal representative.

c.  Gov't Code § 815.4, and the regulations promulgated thereunder, establish that a public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entitle to the same extent that the public entity would be subject to such liability if it were a private person.

d.  Defendants LADA, L.A. County and DOES 1 through 10, are public entities as defined by Gov't Code section 811.2 and are therefore subject to the provisions of Gov't Code §§ 820(a), 815.2, 815.4, *et seq.*

e.  At all relevant times herein, Defendants DDA BARTOLETTI and DOES 1 through 10, were public employees and/or independent contractors of Defendants LADA and L.A. County and DOES 1 – 10 within the meaning of Gov't Code §§ 811.2, 811.4, 820, 815.2, 815.4, *et seq.* and, as such, are therefore subject to the provisions of Gov't

Code §§ 820(a), 815.2, 815.4, *et seq.*

f.   At all relevant times herein, Defendants DDA BARTOLETTI DOES 1 through 10 were employed by Defendants LADA and/or DOES 1- 10 and were acting within the scope of each of their employment by and/or as independent contractors of Defendants LADA and DOES 1 through 10 at all relevant times herein.

g.   By virtue of Gov't Code §§ 820, 815.4, 815.2. *et seq.*, Defendants LADA, L.A. County and DOES 1 through 10 are therefore jointly and severally liable for the conduct of their employees, including DDA BARTOLETTI and DOES 1 through

163.   Defendants LADA, L.A. County and DOES 1 through 10 failed to provide adequate hiring, training, supervision, oversight and/or retention of Defendants DDA BARTOLETTI AND DOES 1 THROUGH 10 in spite of the known risk and foreseeable likelihood of breach of the foregoing duties and misuse of PLAINTIFFS' last name and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, which permitted the disclosure of this information to QUEVEDO, based on the following:

a.   Defendants LADA, L.A. County and DOES 1 through 10 hired DDA BARTOLETTI AND DOES 1 THROUGH 10.

b.   At all times relevant herein, all times relevant herein, Defendants LADA, L.A. County and DOES 1 through 10 maintained, enforced, tolerated, permitted, acquiesced in, and ratified the administrative policy, practice and custom of assigning criminal cases involving serious felonies, complicated circumstances, involving violent and/or gang related charges, etc., such as the UNDERLYING CRIMINAL MATTER, and/or an unreasonably high volume of cases to deputy district attorneys,

such as DDA BARTOLETTI and DOES 1 – 5 who are unable to competently handle such cases due to their relative inexperience, incomplete or inadequate training, lack of knowledge, etc., to be ready or able to competently handle the type of cases assigned to them.   As a result, said deputy district attorneys, such as DDA BARTOLETTI and DOES 1 – 5,  are unaware and untrained about the dangers that gang defendants can present to witnesses and victims, and the proper procedure to ensure compliance with the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information regarding any witness or victim that is contained in a CPO, including the PROTECTIVE ORDER in this case.

c. At all times relevant herein, all times relevant herein, Defendants LADA, L.A. County and DOES 1 through 10 failed to adopt a procedure to train and supervise their deputy district attorneys to ensure compliance with the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information regarding any witness or victim that is contained in a CPO, including the PROTECTIVE ORDER in this case, which is to be submitted by a District Attorney or other employee of Defendants, to a court and/or to be served on a criminal defendant.

d. At all times relevant herein, all times relevant herein, Defendants LADA, L.A. County and DOES 1 through 10 maintained, enforced, tolerated, permitted, acquiesced in, and ratified the administrative policy, practice and custom of failing to

adopt a procedure to ensure compliance with the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information regarding any witness or victim that is contained in a CPO, including the PROTECTIVE ORDER in this case, which is to be submitted by a District Attorney or other employee of Defendants, to a court and/or to be served on a criminal defendant.

e.  At all times relevant herein, all times relevant herein, Defendants LADA, L.A. County and DOES 1 through 10 failed to train and develop procedures to adequately supervise Deputy District Attorneys regarding their compliance with the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2(a)(1), 964(a) and (b), *et seq.,* and to otherwise protect confidential personal information, regarding any witness or victim contained in a CPO, including the PROTECTIVE ORDER in this case, that is to be submitted by a District Attorney or other employee of Defendants, to a court and/or to be served on a criminal defendant.

f.  At all times relevant herein, all times relevant herein, Defendants LADA, L.A. County and DOES 1 through 10 failed to train their Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10 of the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), California Penal Code §§ 1054.2, i.e. 1) not to disclose to a criminal defendant the address or telephone number of a victim or witness in a criminal case or the address or telephone

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

number of such a victim or witness's family and 2) that the Deputy District Attorneys, including  DDA BARTOLETTI AND DOES 1 THROUGH 10 have an affirmative duty not to permit the disclosure of such confidential personal information of witnesses, victims and their families to criminal defendants.

g. At all times relevant herein, all times relevant herein, Defendants LADA, L.A. County and DOES 1 through 10, failed to train their Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10 that the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4) and California Penal Code §§ 1054.2, i.e. require them to verify that the confidential personal information contained in a CPO, such as the PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION in the PROTECTIVE ORDER, is redacted or otherwise not disclosed before the CPO is served on a criminal defendant

h. At all times relevant herein, all times relevant herein, Defendants LADA, L.A. County and DOES 1 through 10, failed to train their Deputy District Attorneys, including DDA BARTOLETTI AND DOES 1 THROUGH 10 that the non-discretionary obligations under California Const. Article 1, § 28(b)(1) - (4), and California Penal Code §§ 1054.2, i.e. require them to not to rely on other court personnel and/or the bailiff to remove or redact a the confidential personal information of a witness, a victim or their families from a CPO before it is given to a criminal defendant.

164.   At all times relevant herein, Defendants LADA, L.A. County and DOES 1 through 10 were aware of the obvious risks of not creating such a system and of not training Deputy District

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

Attorneys regarding how to comply with their non-discretionary obligations under California Const. Article 1, § 28(b) (1) - (4), California Penal Code §§ 1054.2(a) (1), 964(a) and (b), *et seq.,* and otherwise protect confidential personal information, regarding any witness or victim contained in a CPO. This obvious risk includes, inter alia, the likely and actual result that disclosure(s) of witnesses, victims and their families' confidential personal information, including their addresses and phone numbers, to criminal defendants.

165. DDA BARTOLETTI AND DOES 1 THROUGH 10 were, at the time each was hired and/or became unfit and/or incompetent to perform the work for which each was hired, i.e. to prepare and process criminal protective orders without the disclosure of a crime victim's or witnesses' confidential personal information.

166. At all times relevant herein, Defendants LADA, L.A. County and DOES 1 through 10 knew or should have known that DDA BARTOLETTI AND DOES 1 THROUGH 10 was or would become unfit and/or incompetent to prepare and process criminal protective orders without the disclosure of a crime victim's or witnesses' confidential personal information and that this unfitness and/or incompetence created a particular risk to crime victims or witnesses such as Plaintiffs.

167. The unfitness and/or incompetence of DDA BARTOLETTI AND DOES 1 THROUGH 10 to prepare and process criminal protective orders without the disclosure of a crime victim's or witnesses' confidential personal information harmed Plaintiffs as alleged herein; and

168. That the negligence of Defendants LADA, L.A. County and DOES 1 through 10 in hiring/supervising and/or retaining DDA BARTOLETTI AND DOES 1 THROUGH 10 was a substantial factor in causing Plaintiffs' harm.

169. Defendants LADA, L.A. County and DOES 1 through 10 are therefore jointly and

severally liable for the conduct of their employee(s) (Gov't Code section 815.2, *et seq.*) and/or independent contractor(s) Gov't Code section 815.4, *et seq.*) at all relevant times herein, *see* also Gov't Code section 820(a) *et seq.*

170.     As a direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

171.     As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

172.     As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.  As a result of such injuries, Plaintiffs have each suffered general damages in excess of the minimum jurisdictional amount of this court.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF MANDATORY DUTY GOV'T CODE § 815.6 *et seq*;**
**(MADATORY DUTY SET PURSUANT TO PC §§ 1054.2, 964, *et seq.*)**
**(Against All Defendants)**

173.     Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

174.     Gov't Code § 815.6, et seq., and the regulations promulgated thereunder, set forth

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

liability for a public entity that is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, and an injury of that kind is proximately caused by the public entity's failure to discharge said duty.

175.    Defendants, L.A. County and LADA and DOES 1 through 10, are public entities as defined by Gov't Code section 811.2 and are therefore subject to the provisions of Gov't Code § 815.6, et seq.

176.    By virtue of Gov't Code §§ 815.2, and 815.4 et seq., Defendants, L.A. County and LADA and DOES 1 through 10 are therefore jointly and severally liable for the conduct of their employees and independent contractors including Defendants, DDA BARTOLETTI AND DOES 1 THROUGH 10 at all relevant times herein.

177.    Defendants, and each of them, were under a mandatory duty to not disclose and to not permit the disclosure of the last names of Plaintiff VANESSA PEREZ and ELVIS PENA  and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO, pursuant to PC §§ 1054.2,   964(a) and (b), 293.5, 679, 841.5; Govt. Code § 6254(f)(2)-(3); Ev. Code §1041 and Plaintiffs' right to privacy (California Constitution, Article 1 Section 1).

178.    DEFENDANT(S), and each of them, knew or should have known that by disclosing the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO by filing the PROTECTIVE ORDER without redacting or omitting PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, such would result in such information being disclosed to QUEVEDO when he was personally served with the PROTECTIVE ORDER and that he or any member of his gang, could access this information, track down any one of the Plaintiffs, and try to injury or kill them in an attempt to silence VANESSA

PEREZ and/or ELVIS PENA from testifying.

179.    The mandatory duty imposed by pursuant to California Const. Article 1, § 28(b) (1) - (4), PC §§ 1054.2, 964(a) and (b), 293.5, 679, 841.5; Govt. Code § 6254(f)(2)-(3); Ev. Code §1041 and Plaintiffs' right to privacy (California Constitution, Article 1 Section 1) is designed to protect victims, witnesses, and/or the families of victims/witnesses from being stalked, harassed, injured, or killed by any criminal defendant, or anyone acting on their behalf, in an attempt to stifle adverse testimony.

180.    On or before September 19, 2017, said DEFENDANT(S), and each of them, breached their duties to Plaintiffs and acted with a conscious disregard for the safety and wellbeing of Plaintiffs by including the home and business addresses of Plaintiffs on the PROTECTIVE ORDER which was personally served on QUEVEDO in open court during the August 8, 2017 hearing.

181.    No Plaintiff, judge or magistrate permitted or contributed to the disclosure of the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO as described in this Complaint.

182.    Defendants, L.A. County and LADA and DOES 1 through 10 are therefore jointly and severally liable for the conduct of their employee(s) (Gov't Code section 815.2, *et seq.*) and/or independent contractor(s) Gov't Code section 815.4, *et seq.*) including DDA BARTOLETTI AND DOES 1 THROUGH 10 at all relevant times herein, *see* also Gov't Code section 820(a) *et seq.*

183.    As a direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

184.    As a further direct and proximate cause of the acts, omissions, and conduct of

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

DEFENDANT(S), and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

185.    As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.  As a result of such injuries, Plaintiffs have each suffered general damages in excess of the minimum jurisdictional amount of this court.

## NINTH CAUSE OF ACTION
### NEGLIGENCE *PER SE*
**(GOV'T CODE §§ 815.6 *et seq*; PC §§ 1054.2, 964, *et seq.*, and**
**Pursuant to GOV'T CODE §§  820, 815.4, 815.2. *et seq.*)**
**(Against All Defendants)**

186.    Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

187.    Plaintiffs allege that there is a statutory basis authorizing liability as follows:

  a.   Gov't Code § 820(a) and the regulations promulgated thereunder, establish that a public employee is liable for injury caused by his or her act or omission to the same extent as a private person.

  b.    Gov't Code § 815.2, and the regulations promulgated thereunder, establish that a

Page 65

public entity is liable for injury proximately caused by an act or omission of an employee of the public entitle within the scope of his or her employment if the act or omission would otherwise have given rise to a cause of action against that employee or his or her personal representative.

c. Gov't Code § 815.4, and the regulations promulgated thereunder, establish that a public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entitle to the same extent that the public entity would be subject to such liability if it were a private person.

d.  At all relevant times herein, Defendants L.A. County, LADA and DOES 1 through 10, were public entities as defined by Gov't Code section 811.2 and are therefore subject to the provisions of Gov't Code §§ 820(a), 815.2, 815.4, *et seq.*

e.  At all relevant times herein, Defendants DA BARTOLETTI and DOES 1 through 10, were public employees and/or independent contractors of Defendants L.A. County, LADA and DOES 1 through 10 and/or the other DOES within the meaning of Gov't Code §§ 811.2, 811.4, 820, 815.2, 815.4, *et seq.* and, as such, are therefore subject to the provisions of Gov't Code §§ 820(a), 815.2, 815.4, *et seq.*

f.  At all relevant times herein, Defendants, DA BARTOLETTI and DOES 1 through 10 were employed by Defendants L.A. County, LADA and DOES 1 through 10 and/or the other DOES and were acting within the scope of each of their employment by and/or as independent contractors of Defendants LADA and the other DOES at all relevant times herein.

g. By virtue of Gov't Code §§ 820, 815.4, 815.2. *et seq.*, Defendants L.A. County, LADA

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

and DOES 1 through 10 and DOES 1 through 10 are therefore jointly and severally liable for the conduct of their employees, including Defendants, DA BARTOLETTI and the other DOES at all relevant times herein.

188.    Defendants L.A. County, LADA and DOES 1 through 10, are public entities as defined by Gov't Code section 811.2 and are therefore subject to the provisions of Gov't Code § 815.6, et seq.

189.    Gov't Code § 815.6, et seq., and the regulations promulgated thereunder, set forth liability for a public entity that is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury when an injury of that kind is proximately caused by the public entity's failure to discharge said duty.  Additionally, DEFENDANT(S), and each of them, were under a mandatory duty to not disclose and to not permit the disclosure of the last names of Plaintiffs VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO, pursuant to California Const. Article 1, § 28(b)(1) - (4), PC §§ 1054.2, 964(a) and (b), 293.5, 679, 841.5; Govt. Code § 6254(f)(2)-(3); Ev. Code §1041 and Plaintiffs' right to privacy (California Constitution, Article 1 Section 1).

190.    California Const. Article 1, § 28(b) (1) - (4), PC §§ 1054.2, 964(a) and (b), 293.5, 679, 841.5; Govt. Code § 6254(f) (2)-(3); Ev. Code §1041 and Plaintiffs' right to privacy (California Constitution, Article 1 Section 1) were enacted to protect crime victims, witnesses, and/or the families of victims/witnesses from being stalked, harassed, injured, or killed by any criminal defendant, or anyone acting on their behalf, in an attempt to stifle adverse testimony.

191.    DEFENDANT(S), and each of them, violated their mandatory duties under the foregoing statutes and law as follows:   On or about August 8, 2017, DDA BARTOLETTI AND DOES 1 THROUGH 10, Defendants L.A. County, LADA and DOES 1 through 10 and/or the other

DEFENDANT(S) prepared the PROTECTIVE ORDER which contained the last names of Plaintiffs VANESSA PEREZ and ELVIS PENA, and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION. DDA BARTOLETTI AND DOES 1 THROUGH 10, Defendants L.A. County, LADA and DOES 1 through 10 and/or the other DEFENDANT(S) then caused and/or permitted the PROTECTIVE ORDER to be personally served to QUEVEDO without first redacting the last names of Plaintiffs VANESSA PEREZ and ELVIS PENA, or PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION.

192.   No Plaintiff, judge or magistrate permitted or contributed to the disclosure of the last names of Plaintiffs VANESSA PEREZ and ELVIS PENA or of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO as described in this Complaint.

193.   DEFENDANT(S) knew, or should have known that by disclosing the last names of Plaintiffs VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO by filing the PROTECTIVE ORDER without redacting or omitting PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, such would result in such information being disclosed to QUEVEDO when he was personally served with the PROTECTIVE ORDER and that he, or any member of his gang, could access this information, track down any one of the Plaintiffs, and try to injury or kill them in an attempt to silence VANESSA PEREZ and/or ELVIS PENA from testifying.

194.    As a direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

195.  As a further direct and proximate cause of the acts, omissions, and conduct of

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

DEFENDANT(S), and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

196.   As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.  As a result of such injuries, Plaintiffs have each suffered general damages in excess of the minimum jurisdictional amount of this court.

**TENTH CAUSE OF ACTION**
**INTENTIONAL MISREPRESENTATION**
**(GOV'T CODE §§ 820, 818 *et seq.*)**
**(Against Defendants DDA BARTOLETTI and DOES 1 through 10)**

197.  Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

198.   Gov't Code § 820(a) and the regulations promulgated thereunder, establish that a public employee is liable for injury caused by his or her act or omission to the same extent as a private person.

199.   Gov't Code § 818 permits a claim for exemplary damages against public employees.

200.   At all relevant times herein, Defendants DDA BARTOLETTI and DOES 1 through 10, were public employees within the meaning of Gov't Code §§ 811.4, 818, *et seq.*

201.   As alleged herein, Defendants DDA BARTOLETTI and DOES 1 through 10, made the following false representations to Plaintiffs contained in the BARTOLETTI VOWS.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

202.    The BARTOLETTI VOWS were made by Defendants DDA BARTOLETTI and DOES 1 through 10 were was false, in that the PROTECTIVE ORDER was prepared containing the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, *i.e.* the names of each Plaintiff, their ages, home and work addresses. Defendants DDA BARTOLETTI and DOES 1 through 10 then said DEFENDANT(S) then either was provided or it was permitted to be personally served to QUEVEDO without first redacting the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION.

203.    At the time that the BARTOLETTI VOWS were made, Defendants DDA BARTOLETTI and DOES 1 through 10 knew that they were false and/or when they were made, Defendants DDA BARTOLETTI and DOES 1 through 10 made them recklessly and without regard for their truth.

204.    The foregoing representations were made by Defendants DDA BARTOLETTI and DOES 1 through 10intended that Plaintiffs would rely on the representations.

205.    Plaintiffs reasonably relied on the foregoing representations, i.e. the threats, promises and assurances by Defendants DDA BARTOLETTI and DOES 1 through 10, lulled Plaintiff VANESSA PEREZ and ELVIS PENA into a false sense of security that DEFENDANT(S) would protect them by, inter alia, keeping the foregoing promises and assurances.  Accordingly, Plaintiffs agreed cooperate with the prosecution in the UNDERLYING CRIMINAL MATTER in reasonable and detrimental reliance on said DEFENDANT(S) to keep the foregoing promises and assurances.

206.    At time that the last names of Plaintiff VANESSA PEREZ and ELVIS PENA  and

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION were disclosed to QUEVEDO, it was foreseeable that QUEVEDO, and/or the Temple Street Gang, would obtain this private information and use it to locate Plaintiffs, and attempt to harass, intimidate them, threaten violence and/or murder and commit actual acts of violence or murder in an attempt to deter or prevent their testimony or participation in the UNDERLYING CRIMINAL MATTER.

207.   Plaintiffs reliance on the foregoing representations was a substantial factor in causing Plaintiffs to suffer harms, i.e. by disclosing the last names of Plaintiff VANESSA PEREZ and ELVIS PENA  and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO by filing the PROTECTIVE ORDER without redacting or omitting PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, said DEFENDANT(S) disclosed this information to QUEVEDO which he and/or members of Temple Street Gang used to track down Plaintiffs' residence and places of business where they attempted to intimidate, threaten, assault and physically injure Plaintiffs as alleged herein, in an attempt to silence VANESSA PEREZ and/or ELVIS PENA from cooperating in the UNDERLYING CRIMINAL MATTER.

208.   As a direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

209.   Defendants DDA BARTOLETTI and DOES 1 through 10, intentionally and deliberately inflicted emotional distress on Plaintiffs by violating Plaintiffs' constitutional rights, including their right to privacy.

210.  As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have incurred, and will continue to incur, loss of

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

earnings and future earning capacities.

211.    As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.  As a result of such injuries, Plaintiffs have each suffered general damages in excess of the minimum jurisdictional amount of this court.

212.    Individual DEFENDANT(S), including DDA BARTOLETTI AND DOES 1 THROUGH 10 (excluding L.A. County LADA and any other public entity Doe Defendant) committed the acts alleged herein knowingly and willfully, and Plaintiffs are entitled to punitive damages in an amount to be determined according to proof at trial.

### ELEVENTH CAUSE OF ACTION
#### FALSE PROMISE
#### (GOV'T CODE §§ 820, 818 *et seq.*)
#### (Against Defendants DA BARTOLETTI and DOES 1 through 10)

213.  Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

214.    Gov't Code § 820(a) and the regulations promulgated thereunder, establish that a public employee is liable for injury caused by his or her act or omission to the same extent as a private person.

215.    Gov't Code § 818 permits a claim for exemplary damages against public employees.

216.    At all relevant times herein, Defendants DDA BARTOLETTI and DOES 1 through 10,

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

were public employees within the meaning of Gov't Code §§ 811.4, 818, *et seq.*

217.    As alleged herein, Defendants DDA BARTOLETTI and DOES 1 through 10, specifically made the assurances and promises in the BARTOLETTI VOWS.

218.    The BARTOLETTI VOWS were made by Defendants DDA BARTOLETTI and DOES 1 through 10 without the intention to perform these promises.

219.    The BARTOLETTI VOWS were made by Defendants DDA BARTOLETTI and DOES 1 through 10 intended that Plaintiffs would rely on these promises.

220.    Plaintiffs reasonably relied on the BARTOLETTI VOWS.

221.    At time that the last names of Plaintiff VANESSA PEREZ and ELVIS PENA  and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION were disclosed to QUEVEDO, it was foreseeable that QUEVEDO, and/or the Temple Street Gang, would obtain this private information and use it to locate Plaintiffs, and attempt to harass, intimidate them, threaten violence and/or murder and commit actual acts of violence or murder in an attempt to deter or prevent their testimony or participation in the UNDERLYING CRIMINAL MATTER.

222.    Plaintiffs reliance on the BARTOLETTI VOWS were a substantial factor in causing Plaintiffs to suffer harms, i.e. by disclosing the last names of Plaintiff VANESSA PEREZ and ELVIS PENA  and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO by filing the PROTECTIVE ORDER without redacting or omitting PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, said DEFENDANT(S) disclosed this information to QUEVEDO which he and/or members of Temple Street Gang used to track down Plaintiffs' residence and places of business where they attempted to intimidate, threaten, assault and physically injure Plaintiffs as alleged herein, in an attempt to silence VANESSA PEREZ and/or ELVIS PENA from cooperating in

the UNDERLYING CRIMINAL MATTER.

223.    As a direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

224.   Defendants DDA BARTOLETTI and DOES 1 through 10, intentionally and deliberately inflicted emotional distress on Plaintiffs by violating Plaintiffs' constitutional rights, including their right to privacy.

225.   As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

226.    As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.  As a result of such injuries, Plaintiffs have each suffered general damages in excess of the minimum jurisdictional amount of this court.

227.    DDA BARTOLETTI AND DOES 1 THROUGH 10 (excluding L.A. County LADA and any other public entity Doe Defendant) committed the acts alleged herein knowingly and willfully, and Plaintiffs are entitled to punitive damages in an amount to be determined according to proof at trial.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

### TWELVTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (GOV'T CODE §§ 820, 818 *et seq.*)
### (Against DDA BARTOLETTI AND DOES 1 THROUGH 10)

228.     Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

229.     Gov't Code § 820(a) and the regulations promulgated thereunder, establish that a public employee is liable for injury caused by his or her act or omission to the same extent as a private person.

230.     Gov't Code § 818 permits a claim for exemplary damages against public employees.

231.     At all relevant times herein, Defendants DDA BARTOLETTI and DOES 1 through 10, were public employees within the meaning of Gov't Code §§ 811.4, 818, *et seq.*

232.     On or about August 8, 2017, Defendants DDA BARTOLETTI and DOES 1 through 10, prepared the PROTECTIVE ORDER which contained the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, *i.e.* the names of each Plaintiff, their ages, home and work addresses.  Defendants DDA BARTOLETTI and DOES 1 through 10, then caused and/or permitted the PROTECTIVE ORDER to be personally served to QUEVEDO without first redacting the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION.  This misconduct was outrageous in that it went beyond all possible bounds of decency such that a reasonable person would regard the conduct as intolerable in a civilized community. This is, among other things, based on the following:

     a.   At time that disclosure of the last names of Plaintiff VANESSA PEREZ and ELVIS

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION was
disclosed to QUEVEDO, it was foreseeable that he, and/or the Temple Street Gang,
would obtain this private information and use it to locate Plaintiffs, and attempt to
harass or intimidate them in an attempt to deter their testimony or participation in the
UNDERLYING CRIMINAL MATTER, or failing that, eliminate the adverse testimony
through murder.

b.  At time that Defendants DDA BARTOLETTI and DOES 1 through 10, disclosed
disclosure of the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and
PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION was to QUEVEDO,
DEFENDANT(S) knew that they were in a unique position to control Plaintiffs' fate
and that Plaintiffs were particularly vulnerable to intimidation to intimidation by
QUEVEDO and/or the Temple Street Gang and that Plaintiffs were dependent on
Defendants DDA BARTOLETTI and DOES 1 through 10, to act reasonably diligent to
protect said information and it was foreseeable that the failure to take such precautions
would subject Plaintiffs to extreme risk of threats, intimidation and/or violence by
QUEVEDO and/or the Temple Street Gang,

c.  Defendants DDA BARTOLETTI and DOES 1 through 10, and each of them, knew that
by filing the PROTECTIVE ORDER without redacting or omitting the last names of
Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL
PERSONAL INFORMATION was with a conscious disregard for the safety and
wellbeing of Plaintiffs because the information which was personally served on
QUEVEDO in open court during the August 8, 2017 hearing and it was foreseeable that

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

QUEVEDO and/or the Temple Street Gang, would misuse this private information to locate Plaintiffs, and attempt to harass or intimidate them in an attempt to deter their testimony or participation in the UNDERLYING CRIMINAL MATTER, or failing that, eliminate the adverse testimony through murder.

d.  That the disclosure by Defendants DDA BARTOLETTI and DOES 1 through 10, of the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION as alleged herein was willful and thus a criminal act. PC § 1054.2(a) (3).

233.  At time that the last names of Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION was disclosed to QUEVEDO, Defendants DA BARTOLETTI and DOES 1 through 10, intended to cause Plaintiffs emotional distress, or, in the alternative, said DEFENDANT(S) acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that QUEVEDO and/or the Temple Street Gang would use the PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to get track Plaintiffs down and threaten them with physical violence.

234.  As a direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

235.  Defendants DDA BARTOLETTI and DOES 1 through 10, intentionally and deliberately inflicted emotional distress on Plaintiffs by violating Plaintiffs' constitutional rights, including their right to privacy.

236.  As a further direct and proximate cause of the acts, omissions, and conduct of

DEFENDANT(S), and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

237.     As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.  As a result of such injuries, Plaintiffs have each suffered general damages in excess of the minimum jurisdictional amount of this court.

238.     DDA BARTOLETTI AND DOES 1 THROUGH 10 (excluding L.A. County and LADA and any other public entity Doe Defendant) committed the acts alleged herein knowingly and willfully, and Plaintiffs are entitled to punitive damages in an amount to be determined according to proof at trial.

### THIRTEENTH CAUSE OF ACTION
### INVASION OF CONSTITUTIONAL PRIVACY
### (CAL. CONST.ART 1, § 1 and GOV'T CODE §§ 820, 815.4, 815.2. *et seq.*)
### (Against all Defendants)

239.     Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

240.     Plaintiffs allege that there is a statutory basis authorizing liability as follow:

a.     Gov't Code § 820(a) and the regulations promulgated thereunder, establish that a

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

public employee is liable for injury caused by his or her act or omission to the same extent as a private person.

b.   Gov't Code § 815.2, and the regulations promulgated thereunder, establish that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entitle within the scope of his or her employment if the act or omission would otherwise have given rise to a cause of action against that employee or his or her personal representative.

c.   Gov't Code § 815.4, and the regulations promulgated thereunder, establish that a public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entitle to the same extent that the public entity would be subject to such liability if it were a private person.

d.   At all relevant times herein, Defendants Los Angeles LADA and DOES 1 through 10, were public entities as defined by Gov't Code section 811.2 and are therefore subject to the provisions of Gov't Code §§ 820(a), 815.2, 815.4, *et seq.*

e.   At all relevant times herein, Defendants DDA BARTOLETTI and DOES 1 through 10, were public employees and/or independent contractors of Defendants L.A. County and LADA and/or the other DOES within the meaning of Gov't Code §§ 811.2, 811.4, 820, 815.2, 815.4, *et seq.* and, as such, are therefore subject to the provisions of Gov't Code §§ 820(a), 815.2, 815.4, *et seq.*

f.   At all relevant times herein, Defendants, DDA BARTOLETTI and DOES 1 through 10 were employed by Defendants L.A. County and LADA and/or the other DOES and were acting within the scope of each of their employment by and/or as

independent contractors of Defendants L.A. County and LADA and DOES 1 through 10 at all relevant times herein.

g.  By virtue of Gov't Code §§ 820, 815.4, 815.2. *et seq.*, Defendants L.A. County and LADA and DOES 1 through 10 are therefore jointly and severally liable for the conduct of their employees, including Defendants, DDA BARTOLETTI and DOES 1 through 10 at all relevant times herein.

241.  Cal. Const., Art. 1., section 1 provides that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." This right to privacy includes the right not to have a public or private party from obtaining private or sensitive personal information and misusing such information gathered for one purpose and used for another purpose that was not authorized. *Hill v. National Collegiate Athletic Assn.,* (1994) 7 Cal.4th 1, 27, 865 P.2d 633, 649, 26 Cal.Rptr.2d 834, 850.

242.  California Const. Article 1, § 28(b) (1) - (4) (Victims' Bill of Rights Act of 2008),

(b) In order to preserve and protect a victim's rights to justice and due process, a victim shall be entitled to the following rights:

(1)  To be treated with fairness and respect for his or her privacy and dignity, and to be free from intimidation, harassment, and abuse, throughout the criminal or juvenile justice process.

(2)  To be reasonably protected from the defendant and persons acting on behalf of the defendant.

(3)  To have the safety of the victim and the victim's family considered in fixing the amount of bail and release conditions for the defendant.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

(4)     To prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law.

243.    Plaintiffs had a legally protected privacy interest in Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION provided to DEFENDANT(S).

244.    Plaintiffs had a reasonable expectation of privacy regarding Plaintiff VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION provided to DEFENDANT(S).

245.    Plaintiffs ELVIS PENA's  and VANESSA PEREZ provided DEFENDANT(S) with their last names and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION which included Plaintiffs' confidential personal information, including the names of Plaintiffs, and each of their ages, their home and work address for a specific purpose.  Plaintiffs ELVIS PENA's  and VANESSA PEREZ last names and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION was provided to DEFENDANT(S) for a specific purpose, *i.e.* for the DEFENDANT(S)' confidential use this information for the preparation of the Prosecution of the UNDERLYING CRIMINAL MATTER.

246.    On or about August 8, 2017, DDA BARTOLETTI AND DOES 1 THROUGH 10, LADA and/or the other DEFENDANT(S) prepared the PROTECTIVE ORDER containing the last names of Plaintiffs ELVIS PENA's and VANESSA PEREZ and the names of each Plaintiff, their ages, home and work addresses.  DDA BARTOLETTI AND DOES 1 THROUGH 10, LADA and/or the

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

other DEFENDANT(S) then caused and/or permitted this PROTECTIVE ORDER to be personally

served to QUEVEDO without first redacting said confidential personal information, thereby disclosing

this private information directly to QUEVEDO without first obtaining permission to do so from

Plaintiffs' or the judge in the UNDERLYING CRIMINAL MATTER.  As a result, the confidential

personal information DEFENDANT(S) initially properly obtained from Plaintiffs was improperly used

in violation of Plaintiffs' constitutional right to privacy and in violation of California Const. Article 1,

§ 28(b)(1) - (4), PC §§ 1054.2(a)(1), 964(a) and (b), *et seq*.);

247.    DEFENDANT(S)' actions and inactions as alleged herein amounted to a serious

invasion of the protected privacy interests of Plaintiffs.

248.    DEFENDANT(S)' disclosure of Plaintiffs ELVIS PENA's and VANESSA PEREZ last

names and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to QUEVEDO would be

highly offensive to a reasonable person.

249.    As a direct and proximate result of DEFENDANT(S)' wrongful disclosure of Plaintiffs

ELVIS PENA's and VANESSA PEREZ last names and PLAINTIFFS' CONFIDENTIAL

PERSONAL INFORMATION to QUEVEDO, Plaintiffs sustained injury in the form of (emotional

suffering, medical complications, financial losses, etc.).

250.    At time that Plaintiffs ELVIS PENA's  and VANESSA PEREZ last names and

PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION was disclosed to QUEVEDO,

DEFENDANT(S) intended to violate Plaintiffs' privacy, or, in the alternative, said DEFENDANT(S)

acted with reckless disregard of the probability that said personal information would be disclosed to

QUEVEDO, when DEFENDANT(S) knew that QUEVEDO and/or the Temple Street Gang would use

this confidential information to track Plaintiffs down and threaten them with physical violence.

251.    Defendants L.A. County and LADA and DOES 1 through 10 are therefore jointly and severally liable for the conduct of their employee(s) (Gov't Code section 815.2, *et seq.*) and/or independent contractor(s) Gov't Code section 815.4, *et seq.*) Including Defendants, DDA BARTOLETTI AND DOES 1 THROUGH 10 at all relevant times herein, *see* also Gov't Code section 820(a) *et seq.*

252.  As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

253.    As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.  As a result of such injuries, Plaintiffs have each suffered general damages in excess of the minimum jurisdictional amount of this court.

254.    DDA BARTOLETTI AND DOES 1 THROUGH 10 (excluding LADA and any other public entity Doe Defendant) committed the acts alleged herein knowingly and willfully, and Plaintiffs are entitled to punitive damages in an amount to be determined according to proof at trial.

//

///

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

## FOURTEENTH CAUSE OF ACTION
### BREACH OF CONTRACT
### (GOV'T CODE §§ 814, 815.4, 815.2, 820, 818 *et seq.*)
### (Against All Defendants)

255.    Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

256.    Plaintiffs allege that there is a statutory basis authorizing liability as follows:

a.   Gov't Code § 814 and the regulations promulgated thereunder, establish that there is no prohibition or limitation on the liability of a public entity or public employee arising out of a contract and, further, that the doctrine of sovereign immunity does not protect public entities or public employees in California from liability arising out of contract.

b.   Gov't Code § 820(a) and the regulations promulgated thereunder, establish that a public employee is liable for injury caused by his or her act or omission to the same extent as a private person.

c.   Gov't Code § 815.2, and the regulations promulgated thereunder, establish that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entitle within the scope of his or her employment if the act or omission would otherwise have given rise to a cause of action against that employee or his or her personal representative.

d.   Gov't Code § 815.4, and the regulations promulgated thereunder, establish that a public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entitle to the same extent that the public entity would be subject to such liability if it were a private person.

e.   At all relevant times herein, Defendants L.A. County and LADA and DOES 1 through 10, were public entities as defined by Gov't Code section 811.2 and are therefore subject to the provisions of Gov't Code §§ 820(a), 815.2, 815.4, et seq.

f.   At all relevant times herein, Defendants DDA BARTOLETTI and DOES 1 through 10, were public employees and/or independent contractors of Defendants LADA and/or DOES 1 through 10 within the meaning of Gov't Code §§ 811.2, 811.4, 820, 815.2, 815.4, et seq. and, as such, are therefore subject to the provisions of Gov't Code §§ 820(a), 815.2, 815.4, et seq.

g.   At all relevant times herein, Defendants, DDA BARTOLETTI and DOES 1 through 10 were employed by Defendants L.A. County and LADA and/or DOES 1 through 10 and were acting within the scope of each of their employment by and/or as independent contractors of Defendants L.A. County and LADA and DOES 1 through 10 at all relevant times herein.

h.   By virtue of Gov't Code §§ 820, 815.4, 815.2. et seq., Defendants L.A. County and LADA and DOES 1 through 10 are therefore jointly and severally liable for the conduct of their employees, including Defendants, DDA BARTOLETTI and DOES 1 through 10 at all relevant times herein.

257.   DDA BARTOLETTI and/or Doe Defendants 1 – 10, has authority to enter a binding contract on behalf of Defendants L.A. County and LADA.  *Giglio v. United States* (1972) 405 U.S. 150; 92 S. Ct. 763; 31 L. Ed. 2d 104.

258.   On or about August 8, 2017, DDA BARTOLETTI and DOES 1 through 10 on the one hand, and Plaintiffs ELVIS PENA and VANESSA PEREZ on the other entered into the following

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

contract negotiations:  On behalf of Defendants L.A. County and LADA, DDA BARTOLETTI and DOES 1 through 10 made the following contractual offer and proposal:

a.  PROPOSED CONSIDERATION FROM PLAINTIFFS ELVIS PENA and VANESSA PEREZ:

    1)  Plaintiffs ELVIS PENA and VANESSA PEREZ  would provide PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION about them and their family for the purpose of obtaining a COP;

    2)  Plaintiffs ELVIS PENA and VANESSA PEREZ would agree to voluntarily participate in a "line up" if asked to see if they could identify QUEVEDO as the perpetrator from the first incident;

    3)  Plaintiffs ELVIS PENA and VANESSA PEREZ would agree to cooperate as witnesses in the prosecution of the UNDERLYING CRIMINAL MATTER, i.e. by agreeing to appear at future hearing dates and the trial without subpoena, voluntarily provide statements and meet with DDA BARTOLETTI and/or Doe Defendants 1 – 10 out of court in preparation for their testimony and

    4)  Plaintiffs ELVIS PENA and VANESSA PEREZ would agree to trust DDA BARTOLETTI and/or Doe Defendants 1 – 10 to protect Plaintiffs' safety and provide PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, and allow DDA BARTOLETTI and/or Doe Defendants 1 – 10 to request CPO on Plaintiffs' behalf.

b.  In exchange for the foregoing, DDA BARTOLETTI and/or Doe Defendants 1 – 10 offered the following consideration in return:

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

1) DDA BARTOLETTI and/or Doe Defendants 1 – 10 would make sure that only the first names of Plaintiff VANESSA PEREZ and ELVIS PENA,  would be used in open court and in all proceedings in the UNDERLYING CRIMINAL MATTER and that nothing but their first name would be disclosed to QUEVEDO;

2) DDA BARTOLETTI and/or Doe Defendants 1 – 10 would use PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to fill out the CPO protective order form and use it to obtain the protective order but that none of  PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION would ever be provided to QUEVEDO;

3) That DDA BARTOLETTI and/or Doe Defendants 1 – 10 would prepare the CPO and take all necessary steps to have it issued by the judge, that Plaintiffs ELVIS PENA and VANESSA PEREZ would not need to take any steps on their own to request the Court's protection of PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION, and

4) Plaintiffs would be protected from any threatened or actual acts of violence by QUEVEDO and/or the Temple Street Gang through increased police patrols at each Plaintiffs' residence and places of business;

c.  In addition to the foregoing, DDA BARTOLETTI and/or Doe Defendants 1 – 10 assured Plaintiffs ELVIS PENA and VANESSA PEREZ that the foregoing steps to protect PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION were routinely and commonly granted by the Judge.

259.    Plaintiffs ELVIS PENA and VANESSA PEREZ agreed to the foregoing contractual

terms proposed by DDA BARTOLETTI and/or Doe Defendants 1 – 10.  Thereafter, a valid oral

contract was formed (herein the "CONTRACT").

260.    According to the terms of the foregoing agreement, Plaintiffs VANESSA PEREZ,

JUSTIN PEREZ, CALVIN PEREZ, and ELVIS PENA were intended third party beneficiaries of this

contract.  The specific intended purpose of this agreement, in part, was the protection of Plaintiffs'

safety, both physical and emotional.

261.    As intended, the foregoing agreement created a "special relationship" between the

parties as set forth in greater detail above in paragraphs 41 – 46d.

262.    Plaintiffs ELVIS PENA and VANESSA PEREZ detrimentally relied on the

CONTRACT, and Plaintiffs did all, or substantially all, of the significant things that the CONTRACT

required them to do, or they were excused from doing those things.  In particular, among other things,

this included the following:

a.   Plaintiffs ELVIS PENA and VANESSA PEREZ  provided PLAINTIFFS'

CONFIDENTIAL PERSONAL INFORMATION, including information that were

previously unknown and unavailable to all Defendants, including the names, addresses

and telephone numbers of Plaintiffs VANESSA PEREZ, JUSTIN PEREZ, CALVIN

PEREZ, and  ELVIS PENA and their identity as being related to Plaintiffs ELVIS

PENA and VANESSA PEREZ.

b.   Plaintiffs ELVIS PENA and VANESSA PEREZ agreed to voluntarily participate in a

"line up" if asked to see if they could identify QUEVEDO as the perpetrator from the

first incident;

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

c.  Plaintiffs ELVIS PENA and VANESSA PEREZ agreed to cooperate as witnesses in the prosecution of the UNDERLYING CRIMINAL MATTER, *i.e.* by agreeing to appear at future hearing dates and the trial without subpoena and by voluntarily provide statements and meet with DDA BARTOLETTI and/or Doe Defendants 1 – 10 out of court in preparation for their testimony;

d.  Plaintiffs ELVIS PENA and VANESSA PEREZ decided not to personally appear in court to request that their identities and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION not be disclosed in open court and not to disclosed to QUEVEDO. Instead, they trusted and relied on the promises and assurances made by DDA BARTOLETTI and/or Doe Defendants 1 – 10 to seek the protections made in the BARTOLETTI VOWS.

e.  Plaintiffs VANESSA PEREZ and ELVIS PENA agreed to and did testify at future evidentiary hearings in the UNDELYING CRIMINAL MATTER, as requested including the pending preliminary hearing and trial;

263.    All conditions required by the CONTRACT for DEFENDANT(S)' performance had occurred.

264.    DEFENDANT(S) failed to do what the CONTRACT required them to do and also took the following actions that the CONTRACT prohibited them from doing:

a.  On or about August 8, 2017, DDA BARTOLETTI AND DOES 1 THROUGH 10, LADA and/or the other DEFENDANT(S) prepared the PROTECTIVE ORDER which contained the last names of Plaintiffs VANESSA PEREZ and ELVIS PENA, and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION;

b.   DDA BARTOLETTI AND DOES 1 THROUGH 10, LADA and/or the other

DEFENDANT(S) then caused and/or permitted the PROTECTIVE ORDER to be

personally served to QUEVEDO without first redacting the last names of Plaintiffs

VANESSA PEREZ and ELVIS PENA, and PLAINTIFFS' CONFIDENTIAL

PERSONAL INFORMATION.

c.   DDA BARTOLETTI AND DOES 1 THROUGH 10, LADA and/or the other

DEFENDANT(S) then failed to cause any police patrols or take any other action to

ensure the safety of Plaintiffs.

265.   In failing to act and in taking the foregoing actions, DEFENDANT(S) failed to use

reasonable care in performing their obligations under the CONTRACT.

266.   The fact that DDA BARTOLETTI AND DOES 1 THROUGH 10, LA County, LADA

and/or the other DEFENDANT(S) caused and/or permitted the PROTECTIVE ORDER to be

personally served to QUEVEDO without first redacting said PLAINTIFFS' CONFIDENTIAL

PERSONAL INFORMATION, had the result that confidential personal information, that

DEFENDANT(S) initially properly obtained from Plaintiffs, was improperly used in violation of

Plaintiffs' constitutional right to privacy and in violation of California Const. Article 1, § 28(b)(1) -

(4), PC §§ 1054.2(a)(1), 964(a) and (b), et seq.).

267.   As a result of DEFENDANTS improper disclosure of the last names of Plaintiffs

VANESSA PEREZ and ELVIS PENA and PLAINTIFFS' CONFIDENTIAL PERSONAL

INFORMATION during the prosecution of the UNDERLYING CRIMINAL MATTER, QUEVEDO

and other member(s) of the Temple Street Gang were able to locate Plaintiffs, giving QUEVEDO and

Temple Street the opportunity to threaten and violently assault Plaintiffs.  In particular, this improper

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

disclosure allowed QUEVEDO to 1) identify Plaintiffs, 2) learn that Plaintiffs ELVIS PENA and

VANESSA PEREZ were witnesses cooperating with DEFENDANT(S)' prosecution in the

UNDERLYING CRIMINAL MATTER, 3) learn Plaintiffs' home and work address, and 4) that learn

that VANESSA PEREZ was scheduled to attempt a line up identification of QUEVEDO on September

20, 2017.

268.   But for the release of Plaintiffs' confidential personal information by DEFENDANTS,

QUEVEDO would not have known how to locate any Plaintiff and/or would not have known or

believed that Plaintiffs ELVIS PENA and VANESSA PEREZ were cooperating with

DEFENDANT(S) in the UNDERLYING CRIMINAL MATTER against QUEVEDO.

269.    At time that the CONTRACT was made, both DEFENDANT(S) and Plaintiff

VANESSA PEREZ and ELVIS PENA knew or could reasonably have foreseen that the harm was

likely to occur in the ordinary course of events as result of the breach of the contract, i.e. if the

Plaintiffs' confidential information were to be disclosed to QUEVEDO it was foreseeable that

QUEVEDO, and/or the Temple Street Gang, would obtain this private information and use it to locate

Plaintiffs, and attempt to harass, intimidate them, threaten violence and/or murder and commit actual

acts of violence or murder in an attempt to deter or prevent their testimony or participation in the

UNDERLYING CRIMINAL MATTER.

270.    DEFENDANT(S)' breach of the CONTRACT as alleged herein were a substantial

factor in causing Plaintiffs to suffer harms, *i.e.* by disclosing the last names of Plaintiff VANESSA

PEREZ and ELVIS PENA  and PLAINTIFFS' CONFIDENTIAL PERSONAL INFORMATION to

QUEVEDO by filing the PROTECTIVE ORDER without redacting or omitting PLAINTIFFS'

CONFIDENTIAL PERSONAL INFORMATION, said DEFENDANT(S) disclosed this information to

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

QUEVEDO which he and/or members of Temple Street Gang used to track down Plaintiffs' residence and places of business where they attempted to intimidate, threaten, assault and physically injure Plaintiffs as alleged herein, in an attempt to silence VANESSA PEREZ and/or ELVIS PENA from cooperating in the UNDERLYING CRIMINAL MATTER.

271.    As a foreseeable direct, proximate cause of the DEFENDANT(S)'s breach of the CONTRACT Plaintiffs have been damaged, including but not limited to, incurring and continuing to incur medical and related expenses.

272.    As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have incurred, and will continue to incur, loss of earnings and future earning capacities.

273.    As a further direct and proximate cause of the acts, omissions, and conduct of DEFENDANT(S), and each of them, Plaintiffs have suffered injuries to each of their individual health, strength and activity, as well as to each of their individual nervous systems and persons, all of which injuries have caused, and will continue to cause, Plaintiffs great physical and mental pain (injuring each of their individual minds and bodies) including but not limited to: humiliation, fear, discomfort, anxiety, loss of enjoyment of life, mental anguish, and emotional and physical distress.  As a result of such injuries, Plaintiffs have each suffered general damages in excess of the minimum jurisdictional amount of this court.

274.    As a result of the harm that Plaintiffs suffered as a cause of DEFENDANT(S)' breach of the CONTRACT, Plaintiffs are entitled to an award of damages that will reasonably compensate Plaintiffs for the harm caused by the breach in an amount to be proven at trial that would put each Plaintiff in as good a position as each Plaintiff would have been if DEFENDANT(S) had performed

the CONTRACT as promised.

## **PRAYER FOR RELIEF:**

### **FOR ALL CAUSES OF ACTION**

1. For general damages, according to proof, but in a sum in excess of the minimum jurisdictional limits of this court;

2. For special damages for past and future medical and incidental expenses in a sum according to proof;

3. For special damages for past and future loss of earnings and for loss of earning capacity, in a sum according to proof;

4. For pre-judgment interest as allowed by law;

5. For costs of suit herein incurred;

6. For reasonable attorney's fees as provided under 42 U.S.C. § 1983 et seq;

7. For punitive damages as allowed by law (from individual DEFENDANT(S), including DDA BARTOLETTI AND DOES 1 THROUGH 10, and other individual DEFENDANT(S);

8. For such other and further relief as the Court may deem proper.


DATED:  November 29, 2018                    **ARDALAN & ASSOCIATES, PLC**


_____
P. CHRISTOPHER ARDALAN, ESQ.
GEOFFREY S. HICKEY, ESQ.
JACQUELINE S. LEIBL, ESQ.
Attorneys for Plaintiffs

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)

1
2
3

## <u>DEMAND FOR JURY TRIAL</u>

4

Plaintiffs hereby demand a trial by jury on all issues so triable.

5
6
7

DATED: November 29 2018                    ARDALAN & ASSOCIATES, PLC

8
9
                                           _____
10                                         P. CHRISTOPHER ARDALAN, ESQ.,
                                           GEOFFREY S. HICKEY, ESQ
11                                         JACQUELINE S. LEIBL, ESQ.
                                           Attorney for Plaintiffs
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FIRST AMENDED COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND**
(US CD CASE NO.:  2:18-cv-9025-DMG-KS)